The KANSAS CITY SOUTHERN RAILWAY
COMPANY *v.* Jim C. PLEDGER, Commissioner of
Revenues, Revenue Division, Department of Finance and
Administration, State of Arkansas

89-313                                                785 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered March 19, 1990

*Rowland & Templeton*, and *Hardin, Jesson & Dawson*, for appellant.

*John H. Theis, Robert L. Jones, William E. Keadle, Rickey L. Pruett, Cora L. Gentry, David B. Kaufman, Malcolm P. Bobo,* and *Beth Carson,* by: *Philip Raia,* for appellee.

OTIS H. TURNER, Justice. This appeal involves the interpretation of certain provisions of the Arkansas income tax laws relating to corporate income taxes. The appellant, the Kansas City Southern Railway Company, deducted dividends received from its subsidiary, L&A Railroad, as nontaxable or exempt income for the 1982 taxing year. Kansas City Southern had a net loss in the 1982 tax year and carried this loss forward on its 1983 Arkansas income tax return. However, in computing the net operating loss to be carried forward, it did not add back to its gross income the nontaxable dividend income from its subsidiary. This resulted in an assessment by the Arkansas Department of Finance and Administration of additional taxes. A penalty for the appellant's failure to file an estimate of its 1984 taxes was added, as well as a late filing penalty that was assessed on its 1983 tax return.

The appellant challenged both the state's method for calculating the net operating loss and its assessment of penalties. The controversy was submitted to the chancellor for motion on summary judgment, and from a ruling favorable to the state of Arkansas, this appeal is taken, and we affirm.

For reversal, the appellant alleges three errors in the decision of the chancellor:

*First,* the chancellor's interpretation of the words "all nontaxable income" as used in Ark. Code Ann. § 26-51-427(2) (1987 & Supp. 1989) is not reasonable, logical or in accordance with the ordinary usage of language;

*Second,* the chancellor should have interpreted Ark. Code Ann. § 26-51-404 (1987 & Supp. 1989) as amending Ark. Code Ann. § 26-51-427(2) when she considered whether or not exempted dividends received should be included in gross income in computing net operating loss;

*Third,* the appellant's interpretation of the statutes was reasonable, and although it might be found that a tax was due and owing, no penalty should have attached and in no event should nonpayment have been attributed to willful neglect.

We must consider together the applicable statutory provisions in resolving the ultimate issue in this case—whether the appellant is required to sweep back into gross income the tax-exempt dividend income from its subsidiary in arriving at a net operating loss. Including exempt dividends in gross income, in this instance, will eliminate the net operating loss and the resulting benefits in carrying such loss forward to succeeding tax years.

Arkansas Code Annotated § 26-51-404(b)(9), enacted as a part of Act 570 of 1965, provides:

> (b) The term "gross income" does not include the following items, which shall be exempt from taxation under this act:

> (9) Dividends received by a corporation doing business within this state from a subsidiary if at least ninety-five percent (95%) of the subsidiary's capital stock is owned by a corporation doing business within this state . . .

Arkansas Code Annotated § 26-51-427(2)(A), enacted as a part of Act 147 of 1957, provides:

> (2) . . . [T]he term "net operating loss" is defined as the excess of allowable deductions over gross income for the taxable year, subject to the following adjustments:

> (A) There shall be added to gross income all nontaxable income, not required to be reported as gross income, as provided by law, less any expenses properly and reasonably incurred in earning nontaxable income, which expenses would otherwise be nondeductible. . . .

We must determine whether or not the two quoted statutory provisions can be read together and applied without reaching a "strained, illogical, and unreasonable" result, as the appellant contends.

The appellant concedes that these statutes are not ambiguous; therefore, unless the statutes, both relating to the same subject, are in conflict and cannot be reconciled, they are to be read together, and each is to be given its intended effect. *Ragland* v. *Yeargan*, 288 Ark. 81, 702 S.W.2d 23 (1986). *See*

*also, Wells* v. *Heath*, 274 Ark. 45, 622 S.W.2d 163 (1981); *Cummings* v. *Washington County Election Commission*, 291 Ark. 354, 724 S.W.2d 486 (1987). In the absence of ambiguity, the statute must be given effect as it reads without resorting to construction or interpretation. *Ragland* v. *Meadowbrook Country Club*, 300 Ark. 164, 777 S.W.2d 852 (1989); *Townsend* v. *State*, 292 Ark. 157, 728 S.W.2d 516 (1987); *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W.2d 570 (1969).

■ The appellant would draw a distinction between the terms "exempt income" and "non-taxable income" on the basis that income, once exempt, is exempt from taxation for all purposes. We decline to give such an interpretation to the term.

Here, the income of the subsidiary, L&A Railroad, was reported and taxed as an entity separate from its parent company, Kansas City Southern. This method of tax reporting was chosen by the appellant for its own reasons (which are neither known nor relevant here), although a consolidated return could have been filed. The income of the subsidiary was then paid to the parent in the form of dividends and was statutorily exempt from taxation as income to the parent. If, however, the parent sustained a net operating loss that could be carried over to subsequent tax years, then—and only then—for the restricted purpose of computing such net operating loss, *all* non-taxable income must be added back into income and considered.

■ The privilege of a net operating loss carry-forward as a deduction in subsequent tax years is a tax privilege existing through legislative grace. *Skelton* v. *B.C. Land Co., Inc.*, 256 Ark. 961, 513 S.W.2d 919 (1974). The same authority certainly has the power to dictate how and to what extent such a privilege may then be exercised.

This appears to be a case of first impression in Arkansas. The appellant makes a compelling argument, citing authority from other jurisdictions. A case which appears to be directly on point is *Midland Financial Corp.* v. *Wisconsin Dept. of Revenue*, 116 Wis.2d 40, 341 N.W.2d 397 (1983). The statutes at issue in *Midland*, though similar to ours, were held by the Wisconsin court to be ambiguous. They are therefore distinguishable from the unambiguous Arkansas provisions. As the chancellor in the present case declared: "I am bound to apply an unambiguous

statute as it is written." There could not be a more succinct statement of the application of this well-established principle.

We also hold the chancellor's imposition of statutory penalties to be correct. The appellant's 1983 tax return was due on or before September 15, 1984, following the granting of a six-month extension. The return was filed, however, on October 15, 1984.

The effective law at the time, Ark. Code Ann. § 26-18-208(1) (1987), provided that upon a taxpayer's failure to file a required return, unless it was shown that the failure was due to reasonable cause and not to willful neglect, five percent of the amount of the tax for each month the return was delinquent would be added up to a maximum of 25 percent.

When the appellant filed its late return for the 1983 tax year, it admitted a tax liability of $44,931.00. There is no reasonable and sufficient explanation for the appellant's delinquency. The ensuing penalty assessed by the appellee and upheld by the chancellor was mandated by the language of the statute and was therefore appropriate.

An additional penalty was assessed by the appellee for the appellant's underestimated taxes for 1984. Arkansas Code Annotated § 26-51-911(a) (1987) provides that every taxpayer subject to income tax shall file a declaration of estimated tax for the income year if the taxpayer reasonably expects the tax liability to exceed $100.00. Arkansas Code Annotated § 26-51-912 (1987) then provides a penalty of one-half of one percent per month of the amount of the underestimate, in addition to the amount of the tax, unless the taxpayer estimates the tax as the same amount for the preceding income year. In that event the estimate is sufficient to avoid a penalty.

The appellant's 1983 return admitted some $45,000 in taxes due. It could hardly be said that the appellant reasonably believed that its income tax liability for 1984 would not have exceeded the $100 statutory exemption for filing tax estimates.

We find no error and affirm the decree of the chancellor in all respects.

PRICE, J., not participating.