Mr. Larry Norris, Director Arkansas Department of Correction Post Office Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion questioning whether a person sentenced to the Department of Correction for a class B kidnapping offense is obligated by the terms of Act 1326 of 1995 to serve 70% of his sentence before he becomes eligible for parole.
Act 1326 provides, in pertinent part, that:
 SECTION 1. Nothwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty or pleads guilty or nolo contendere to . . . kidnapping . . . shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.
Act 1326 is codified at A.C.A. § 16-93-611 (Supp. 1995). Section16-93-611 provides, in pertinent part:
 Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to . . . kidnapping, § 5-11-102, . . . shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.
According to A.C.A. § 5-1-102 (1987), the offense of kidnapping can be classified as either a Y or B felony, depending on particular circumstances of the offense. Your question is whether § 16-93-611
applies to class B felony kidnapping, since the heading of the statute, as codified, refers only to "Class Y felonies."
It is my opinion that one sentenced for a class B kidnapping must serve 70% of his sentence before he is eligible for parole. I base this conclusion on A.C.A. § 1-2-115(b) (1987), which provides:
 Unless otherwise provided in this Code, title, chapter, and subchapter analyses, and the descriptive headings or catchlines immediately preceding or within the text of the individual sections of this Code, except the section numbers included in the headings or catchlines immediately preceding the text of the sections, do not constitute part of the law and shall in no manner limit or expand the construction of any section.
Section 1-2-115(b) is consistent with the general rule of statutory analysis which states that the "caption is not part of a statute and cannot vary its express terms." Vol. 1A Sutherland Stat. Const. § 21.04 (5th ed). Neither the title, nor the text of Act 1326 contains a reference to class Y felonies. Rather, the heading was added to the codification by the reviser of statutes as a reference for readers. Thus, it constitutes no part of the law.
Absent the heading, § 16-93-611 is not ambiguous, and the language of Act 1326 itself is not ambiguous. In the absence of ambiguity, a statute must be given effect as it reads without resorting to construction or interpretation. Kansas City So. Ry. Co. v. Pledger, 301 Ark. 564,785 S.W.2d 462 (1990); Elliston v. Chas Roberts Air Conditioning, Inc.,166 Ariz. 221, 225, 801 P.2d 456, 460 (Ariz.Ct.App. 1990). It is my opinion, therefore, that a person convicted of kidnapping on or after July 28, 1995 (the effective date of Act 1326), whether it be a class Y or a class B kidnapping, must serve 70% of the term of imprisonment to which the person is sentenced before becoming eligible for parole.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Kelly K. Hill.
Sincerely,
WINSTON BRYANT Attorney General
WB:kh/cyh