F. Gordon DARR, Jr., as Administrator of the Estate of Tamara Bankston Darr *v.* David L. BANKSTON

96-1417                                                940 S.W.2d 481

Supreme Court of Arkansas
Opinion delivered March 24, 1997

*McNutt Law Firm*, by: *Mona J. McNutt*, for appellant.

*Jack, Lyon & Jones, P.A.*, by: *Gary D. Jiles*, for appellee.

TOM GLAZE, Justice. Tamara and David Bankston were divorced on December 27, 1985, and the couple's two minor daughters were awarded to Tamara. David was ordered to pay Tamara $220 per month child support, plus two-thirds of the health insurance premiums for the children, and reimbursement of one-half of the dental and non-covered medical expenses incurred on the children's behalf. Over the years, David failed to make payments and accrued arrearages. In October of 1995, Tamara died intestate and Gordon Darr, Jr., was appointed administrator of her estate; in that capacity, Darr brought suit against David to recover the arrears David owed in child support, insurance premiums, and medical expenses. At the time of suit, David had custody of the children.

David filed a responsive motion to dismiss Darr's complaint, alleging Darr had no standing. The chancellor agreed and dismissed Darr's suit. In reaching his decision, the chancellor relied on Ark. Code Ann. § 9-14-236 (Supp. 1995), which defines a "moving party" who brings suit for child-support arrearages to mean (1) the custodial parent, (2) any person or agency to whom custody of a minor child has been given or relinquished, (3) the

minor child through his guardian or next friend, (4) a person for whose benefit the support was ordered, within five years of his or her obtaining majority, or (5) the Child Support Enforcement Office under prescribed circumstances. Because Darr failed to fall within any of these five categories, the chancellor held Darr had no standing. He specifically mentioned that Darr, as administrator of Tamara's estate "does not equate" with being the children's guardian under § 9-14-236, and therefore could not enforce any child-support arrearages. The chancellor is mistaken, and accordingly we reverse and remand.

■ Darr correctly submits that, as administrator, he can recover a monetary judgment after the death of one entitled to the judgment. He cites Ark. Code Ann. § 16-65-502 (1987), which provides in pertinent part as follows:

> (a)(1) If one (1) or more plaintiffs in a judgment or decree dies before the judgment or decree is satisfied or carried into effect, the judgment or decree, if for money or concerning personal property, shall survive to the executors or administrators of the deceased party, and, if concerning real estate, to his heirs or devisees.

> (2) In each of the preceding cases, execution may be sued out in the name of the surviving plaintiff, for the benefit of himself and legal representatives of the deceased party, or the judgment or decree may be revived in the name of the legal representatives and the surviving plaintiff, and execution may be sued out jointly.

■ This court has recognized the custodial parent's right to unpaid installments of child support in prior decisions. *See Cunningham v. Cunningham*, 297 Ark. 377, 761 S.W.2d 938 (1988); *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). In addition, the General Assembly has also provided that a decree, containing a provision for child-support payments, shall be a final judgment as to any accrued payment until the time either party moves to set aside, alter, or modify the decree. *See* Ark. Code Ann. § 9-14-234(b) (Supp. 1995).

Under applicable Probate Code provisions, Darr, as appointed representative of Tamara's estate, was entitled to take

possession of all Tamara's personal property, Ark. Code Ann. § 28-49-101(a) (1987), and to enforce her estate's entitlement to any existing money or personal property judgment or decree. § 16-65-502.

David's defense rings hollow in suggesting that § 9-14-236 precludes Darr from enforcing any surviving child-support debts David owed Tamara because § 19-14-236 does not specifically list an administrator as one who can enforce such indebtedness. In support of his argument, David cites only general authority that an unambiguous statute should be applied simply as it is written, and that specific rules in one statute (§ 9-14-236) are given over the general rules in another statute (§ 16-65-502). *See Valley Nat'l Bank of Arizona v. Stroud*, 289 Ark. 284, 711 S.W.2d 785 (1986).

Arkansas law is well settled that it is this court's duty, if possible, to reconcile our state's statutes to make them consistent, harmonious, and sensible. *See Estate of Epperson*, 284 Ark. 35, 679 S.W.2d 792 (1984). In the instant case, David offers no citation of authority or convincing argument specifying why § 9-14-236 cannot be read as being harmonious with Arkansas's applicable probate provisions. Instead, David offers a construction of § 9-14-236 which inexplicably denudes the plain language and purpose of Arkansas's survival-of-judgment statute, § 16-65-502, and strips an administrator from satisfying a deceased party's decree where it involves an arrearage in child-support payments. In fact, if we were to accept David's argument, no one in this case could presently enforce Tamara's right to accrued child-support payments except David, himself, since, as guardian, he is the only one authorized under § 9-14-236 to collect child-support arrearages. Obviously, such an interpretation would result in an absurdity and completely ignores the compatible purpose served by Arkansas's survival provisions.

For the above reasons, we reverse and remand the cause for further proceedings.