The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018-0137
Dear Representative Kidd:
This official Attorney General opinion is rendered in response to a question that you have presented regarding Act 1333 of 1997. The particular provisions of that Act with which you are concerned state as follows (amended language is noted):
 SECTION 1. Arkansas Code 25-10-111(c) is amended to read as follows:
 "(c) Although it is the intent of this act that the State Hospital Board, the Youth Services Board, and the Board of Developmental Disabilities Services shall each operate their institutional programs and services within the Department of Human Services with autonomy and independence as intended by the Arkansas Constitution, Amendment 33, the General Assembly recognizes that reasonable fiscal policies are necessary to assure that the various services of government are operated on a sound financial basis and that deficit spending is not implemented. In furtherance of that policy, the General Assembly determines that the Director of the Department of Human Services, with respect to the allocation of funds and the exercise of fiscal restraint over all divisions, offices, sections, units, programs, services, and institutions within the Department of Human Services, shall have the ultimate authority to allocate and limit the amount of funds to be expended in the operation of each division, office, program, service, and institution within the Department of Human Services as he deems necessary to comply with the fiscal laws of this state, and that nothing herein shall be construed to limit the ultimate authority of the Director of the Department of Human Services to develop and operate the various programs in the state institutional system; provided however all real property constituting the Department of Human Services State Institutions Systems shall be under the control, including capitol improvements thereon, of the Department of Human Services State Institutional System Board and that Board may convey by sale or lease any real property within the State Institution System."
 SECTION 2. Arkansas Code 25-10-401 is amended to read as follows:
"§ 25-10-401. Creation.
 The state institutions of the Department of Human Services, known as the State Hospital for the Mentally Ill at Little Rock, the long-term care facility at Benton, the George W. Jackson Mental Health Center at Jonesboro, and the youth services centers located at Alexander and North Little Rock, and all other facilities owned and operated by the Department of Human Services for youth services or mental health treatment
are hereby consolidated to form the Department of Human Services State Institutional System."
Acts 1997, No. 1333, §§ 1 and 2.
You have presented the following question:
 Does Act 1333 give the Department of Human Services State Institutional System Board exclusive authority and control over all real property constituting the Department of Human Services Institutions Systems or does the State Building Services still have some authority over that property?[1]
It is my opinion that Act 1333 does not give the Department of Human Services State Institutional System Board exclusive authority and control over all real property constituting the Department of Human Services Institutions Systems. It is my opinion, rather, that the State Building Services retains certain authority over that property, as explained more fully below.
Although the language that was added by Act 1333 to A.C.A. § 12-10-111(c), when read in isolation, would appear at first blush to grant the Department of Human Services Institutional System Board exclusive authority over the property in question, a different intent is clear when the statute is read in its entirety.
It is apparent from the language of A.C.A. § 25-10-111(c) that the intent of the statute was to clarify that even though the various boards within the Department of Human Services that are mentioned therein should operate their programs independently, the allocation of funds to those programs is still to be carried out by the Director of the Department of Human Services. The statute is clarifying the fact that the authority of the Director takes precedence over the authority of the individually named boards.
The added language beginning with the phrase "provided however" (concerning the conveyance of property), in my opinion, simply makes an exception to that described precedence of the Director's authority, by indicating that even though the Director of the Department of Human Services does have greater authority over the individual boards with regard to the allocation of funds, the Director's authority with regard to the conveyance of property of the Department of Human Services Institutional System is subordinate to the authority of the Board of that System. In other words, the added language is simply describing the authority of the Director in comparison with the authority of the Board. This language does not mention the authority of the State Building Services, nor does it, in my opinion, impact the authority of the State Building Services.
The authority of the State Building Services to be involved in the process of the conveyance of the property of individual state agencies is addressed in A.C.A. § 22-6-601, which states in pertinent part:
22-6-601. Sale procedure.
 (c)(1) In the event a state agency elects to sell certain of its lands, the agency shall certify to State Building Services its proposal for any sale.
 (2) The Director of State Building Services shall obtain the services of a qualified appraiser to appraise the lands so proposed to be sold, with notice to the agency.
* * *
 (d)(1) The Director of State Building Services shall furnish to the Governor:
(A) The appraisal;
(B) The agency proposal to sell; and
(C) State Building Services' recommendations.
A.C.A. § 22-6-601.
The above-quoted statute clearly empowers the State Building Services to be involved in the conveyance of the real property of individual state agencies. It therefore addresses the same subject that is addressed by Act 1333 of 1997.
When two statutes address the same subject, they must be construed together, and both given effect if possible. Darr v. Bankston,327 Ark. 723, 849 S.W.2d 935 (1997); Kansas City Southern Ry. Co.v. Pledger, 301 Ark. 564, 785 S.W.2d 462 (1990). Such a result is possible with A.C.A. § 22-6-601 and Act 1333 of 1997 under the interpretation I have described above.
For these reasons, I conclude that the Department of Human Services Institutional System Board does not have exclusive authority and control over the real property of the Department of Human Services Institutions Systems. The State Building Services retains certain authority over that property.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You have not inquired about the constitutionality of Act 1333 under Amendment 33 of the Arkansas Constitution. I therefore have not analyzed that issue.