Dr. Thomas D. Taylor, D.C. President, Arkansas State Board of Chiropractic Examiners 101 East Capitol, Suite 201 Little Rock, Arkansas 72201
Dear Dr. Taylor:
You have requested reconsideration of the opinion expressed in Attorney General Opinion No. 95-391.
In Opinion No. 95-391, my predecessor opined, in essence, that the question of whether chiropractors can perform physical examinations on students for purposes of participation in school athletics will depend upon the nature of the physical examination that is required by the individual school districts as a prerequisite to participation in athletics. That opinion stated that if the required examination is one that entails the activities outlined in A.C.A. § 17-93-202 (which defines the "practice of medicine"), a chiropractor cannot perform the examination. If, on the other hand, the required examination is one that entails only activities within the scope of A.C.A. § 17-81-102 (which defines the "practice of chiropractic"), chiropractors can perform the examination.
As stated in Op. Att'y Gen. 95-391, no state law requires physical examinations as a prerequisite for participation in school athletics. Therefore, any examination requirement that is imposed by a school is one that the school itself has formulated. Accordingly, the required examinations will likely vary from school to school. Some may require activities that, by law, can only be performed by persons who are licensed to practice medicine, and others may require activities that, by law, can be performed by chiropractors. It is for this reason that my predecessor was unable to conclude in Opinion No. 95-391 that state law authorizes chiropractors to perform all physical examinations that may be required by public schools as a prerequisite to participation in athletics. The same conclusion was reached in Opinion No. 96-332.
In requesting reconsideration of that conclusion, you have specifically suggested that consideration be given to two factors.
First, you have asked for consideration of the fact that "there are no statutes which give school boards jurisdiction as to whether a chiropractic physician can legally perform physical examinations as a prerequisite for school activities." It is true that school boards are not authorized by law to determine what chiropractors can and cannot do. However, they are authorized by law to determine such matters as what type of physical examination will be required in their districts as a prerequisite to participation in athletics.
Under Arkansas law, school boards are given broad discretion in formulating the policies that govern the details of the operation of their school systems. This discretion is based in part upon A.C.A. §6-13-620(13). That section provides:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620(13).
Arkansas courts have long interpreted the above-quoted statutory provision as allowing school boards wide latitude in formulating the rules and policies that govern their school systems. See, e.g., Safferstone v.Tucker, 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962); Isgrig v. Srygley,210 Ark. 580, 197 S.W.2d 37 (1946). See also Springdale Board of Educationv. Bowman, 294 Ark. 66, 69, 740 S.W.2d 909, 910 (1987); Leola SchoolDistrict v. McMahan, 289 Ark. 496, 498, 712 S.W.2d 903, 905 (1986). The courts have further held that they will not substitute their judgment for that of a school board with regard to policy matters, unless the school board, in enacting the policy in question, abused its discretion or acted arbitrarily, capriciously, or contrary to law. Id. The court in Leola,supra, explained "arbitrary and capricious" action by a school board as being action that is not supportable "on any rational basis." Leola,289 Ark. at 498, 712 S.W.2d at 905. It should be noted that the party challenging the school board's policy has the burden of proving the board's abuse of discretion by clear and convincing evidence.Springdale, 294 Ark. at 69, 740 S.W.2d at 910.
Given the wide latitude that school boards are given with regard to the operation of their own districts, I must conclude that they are fully authorized to determine the type of physical examination that will be required in their districts as a prerequisite to participation in athletics.
If the school board chooses an examination that entails the performance of activities that, by law, can only be performed by persons who are licensed to practice medicine (such as the activities set forth in A.C.A. § 17-93-202), then chiropractors cannot perform that examination. To do so would constitute a violation of state law. See A.C.A. §17-93-401.
However, if the school board chooses an examination that entails the performance of activities that, by law, can be performed by chiropractors (such as the activities set forth in A.C.A. § 17-81-102), then chiropractors can perform that examination.
Because the physical examinations that are required by the various school districts could vary so widely, I cannot state as a matter of state law that chiropractors can perform all such examinations. Some schools could clearly require examinations entailing activities which chiropractors are prohibited by law from performing. By the same token, I cannot state as a matter of state law that chiropractors cannot perform any examinations that are required by schools. The examinations that are required by some schools could clearly entail activities that chiropractors are fully authorized to perform.
You have also requested consideration of the provisions of A.C.A. § 17-81-106, which states:
 Chiropractic practitioners licensed under this chapter shall be bound by all applicable health and police regulations of the state. They shall be qualified to sign death certificates, insurance certificates, and all other certificates pertaining to public health with like effect as other licensed physicians.
A.C.A. § 17-81-106.
You argue that the term "public health," as used in the above-quoted statute, includes public schools, and that therefore, chiropractors are qualified by state law to perform physical examinations for public schools. It is my opinion that this interpretation of A.C.A. § 17-81-106
is incorrect.
A.C.A. § 17-81-106 must be read to be limited to authorizing chiropractors to sign certificates concerning matters that chiropractors are authorized to certify. That is, the statute should be interpreted to say that chiropractors can sign certificates pertaining to matters that chiropractors are authorized by A.C.A. § 17-81-102 to determine, and if such certificates are signed by chiropractors, they will be as valid as if signed by a person who is licensed to practice medicine. The statute should not be read to authorize chiropractors to certify matters that law prohibits them from determining. The interpretation that you have suggested would render the provisions of A.C.A. § 17-93-202 and A.C.A. §17-93-401 completely meaningless.
The Arkansas Supreme Court has held that statutes addressing the same subject should be read together and harmonized, if possible, and interpreted so that each can be given effect. Darr v. Bankston,327 Ark. 723, 940 S.W.2d 481 (1997); Kansas City Southern Ry. v. Pledger,301 Ark. 564, 785 S.W.2d 462 (1990). The only way that A.C.A. § 17-81-106
can be harmonized with the other laws that place limits on the activities of chiropractors is to interpret it to be limited to authorizing chiropractors to signing certificates pertaining to matters that chiropractors are authorized by law to determine.
Having reviewed Opinion No. 95-391 and having considered the factors that you discussed in your request, I must conclude that Opinion No. 95-391
was a correct statement of the law and should not be changed.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh