Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
You have requested an Attorney General opinion concerning the effect of Act 1035 of 1999 upon certain other provisions of law.
More specifically, you have asked:
Did Act 1035 negate the 70% requirement of A.C.A. § 16-93-611?
It is my opinion, as explained more fully below, that Act 1035 of 1999 did not have the effect of negating the 70% requirement of A.C.A. §16-93-611.
Before discussing the basis for my conclusion I will set forth the language of the provisions that are pertinent to your question.
A.C.A. § 16-93-611 states in pertinent part:
 Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felony, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, causing a catastrophe, § 5-38-202(a), manufacture of methamphetamine, § 5-64-401(a)(1)(1), or possession of drug paraphernalia with the intent to manufacture methamphetamine, § 5-64-403(c)(5) shall not, except as provided in subsection (b) of this section, be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced.
A.C.A. § 16-93-611(a).
Act 1035 of 1999 amended the provisions of A.C.A. § 16-93-206 to read as follows:
 Persons who commit the following felonies on or after January 1, 1994, shall be eligible to be considered for discretionary transfer to the Department of Community Punishment by the Post Prison Transfer Board after having served one-third (1/3) or one-half (1/2), with credit for meritorious good time, of their sentences, depending on the seriousness determination made by the Arkansas Sentencing Commission, or one-half (1/2), with credit for meritorious good time, of the time to which their sentences are commuted by executive clemency:
(A) Any homicide, §§ 5-10-101—5-10-105;
(B) Sexual abuse in the first degree, § 5-14-108;
(C) Battery in the first degree, § 5-13-201;
(D) Domestic battering in the first degree, § 5-26-303;
(E) The following Class Y felonies:
(i) Kidnapping, § 5-11-102;
(ii) Rape, § 5-14-103;
(iii) Aggravated robbery, § 5-12-103;
(iv) Causing a catastrophe, § 5-38-202(a);
(F) Engaging in a continuing criminal enterprise, § 5-64-414; or
(G) Simultaneous possession of drugs and firearms, § 5-74-106.
A.C.A. § 16-93-206(c), as amended by Act 1035 of 1999.
Your question arises out of the fact that the two above-quoted statutes appear to conflict with one another. They list some of the same offenses, but provide for different treatment of these offenses. More specifically, the following offenses appear to be covered by both statutes: first degree murder, kidnapping (Class Y), aggravated robbery, rape, and causing a catastrophe.
Under A.C.A. § 16-93-206, offenders who have committed these crimes can be considered for discretionary transfer after having served only 1/2 or 1/3 of their sentences. But under A.C.A. § 16-93-611, offenders who have committed these crimes must serve at least 70% of their sentences before being eligible for transfer. (I note that this apparent overlap of the two statutes was not brought about by Act 1035's amendment of A.C.A. §16-93-206(c). The overlap existed prior to the amendment of this section. The provisions of A.C.A. § 16-93-206 were originally enacted as a part of Act 530 and Act 647 of 1993. In its original form, the statute included first degree murder, kidnapping, aggravated robbery, rape, and causing a catastrophe. The provisions of A.C.A. § 16-93-611 were originally enacted as a part of Act 1326 of 1995. In its original for, the statute included these same offenses: first degree murder, kidnapping, aggravated robbery, rape, and causing a catastrophe. The overlap, therefore, has existed ever since both statutes have been in place.)
The Arkansas Supreme Court has held that when two statutes address the same topic, they must, if possible, be interpreted in such a way that both provisions will remain viable. See, e.g., Kansas City Southern Ry.Co. v. Pledger, 301 Ark. 564, 785 S.W.2d 462 (1990); Love v. Hill,297 Ark. 96, 759 S.W.2d 550 (1988); Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986).
I find that it is possible to interpret A.C.A. § 16-93-206 and A.C.A. §16-93-611 in a way that will reconcile the two and allow both to remain viable. This reconciliation can be accomplished by interpreting A.C.A. §16-93-611 as creating an exception to A.C.A. § 16-93-206. A.C.A. §16-93-611 contains specific language that indicates that it was intended to create an exception to the application of any statute providing for the award of meritorious good time, or any statute conflicting with its provisions. This exception phrase states: "Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary. . . ." The statute then goes on to state its 70% requirement. It must be presumed that the legislature was aware of the provisions of A.C.A. § 16-93-206 in 1995 when it enacted A.C.A. § 16-93-611, because A.C.A. § 16-93-206 had been in place since 1993. Young v. Energy Transp.Systems Inc. of Ark., 278 Ark. 146, 644 S.W.2d 266 (1983). I therefore conclude that when the legislature drafted and adopted the exception language of A.C.A. § 16-93-611, it intended to include A.C.A. § 16-93-206
in the laws it referred to as being in conflict with the provision. It is my opinion, accordingly, that in enacting A.C.A. § 16-93-611, the legislature intended to create an exception to A.C.A. § 16-93-206.
For these reasons, I conclude that the 70% requirement of A.C.A. §16-93-611 is not affected by the provisions of A.C.A. § 16-93-206 or the amendment thereto by Act 1035 of 1999.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh