The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, Arkansas 72758-0116
Dear Senator Bisbee:
I am writing in response to your request for my opinion on the following question, which the Springdale city attorney has asked me to address:
 Is a "motorized bicycle," as defined in A.C.A. § 27-20-101(3) subject to:
 (1) The provisions of A.C.A. § 27-22-101 et seq., which provides that all "motor vehicles," as defined in A.C.A. § 27-14-207(b), are required to be covered by insurance to the extent of A.C.A. § 27-22-104; or
 (2) The provisions of A.C.A. § 27-19-101 et seq., which provides that financial responsibility is only required of vehicles which must be registered and licensed with the State?
RESPONSE
You have essentially asked whether one must carry liability insurance on a "motorized bicycle." As you acknowledge in your request, my predecessor addressed this same question in the attached Ark. Op. Att'y Gen. No.92-118, concluding that no such obligation applied because motorized bicycles were expressly excluded from the registration requirement. I fully agree with my predecessor's analysis, which I will not here repeat. At issue is the interplay of several statutory schemes. Subsection 27-22-104(a)(1) (Supp. 1999) of the Code provides:
 It shall be unlawful for any person to operate a motor vehicle within this state unless the vehicle is covered by a certificate of self-insurance under the provisions of § 27-19-107, or by an insurance policy issued by an insurance company authorized to do business in this state.
The Motor Vehicle Liability Insurance Act, A.C.A. § 27-22-101 et seq.,
contains no definition of "motor vehicle." However, the Motor Vehicle Safety Responsibility Act, A.C.A. § 27-19-101 et seq., which the Motor Vehicle Liability Insurance Act merely supplements, offers the definition recited in my predecessor's opinion: "a vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from over-head trolley wires but not operated upon rails." A.C.A. §27-19-206. The Uniform Motor Vehicle Administration, Certificate of Title, and Antitheft Act, A.C.A. § 27-14-101 et seq., echoes this definition verbatim. A.C.A. § 27-14-207(b). However, notwithstanding this broad definition of "motor vehicle," neither of the two acts that recite it applies to motorized bicycles. Subsection 27-14-601(a)(4) expressly provides that only motorcycles, motor-driven cycles and motorcycle sidecars are subject to registration.[1] Section 27-20-105 of the Code likewise provides that only motorcycles and motor-driven cycles are subject to registration and the issuance of license plates. AccordNationwide Insurance Company v. Worthey, 314 Ark. 185, 188 n. 2,861 S.W.2d 307 (1993). Moreover, the Motor Vehicle Safety Responsibility Act imposes a requirement of carrying liability insurance only on motor vehicles subject to registration — a category that does not include motorized bicycles. A.C.A. §§ 27-19-701(1)(A) and -713. In short, neither chapter 14 nor chapter 19 of title 27 interprets the term "motor vehicle" as expansively as the offered definitions would suggest.
In effect, your question is whether the undefined term "motor vehicle" in the Motor Vehicle Liability Insurance Act must be given a more expansive application than the same term in the Motor Vehicle Safety Responsibility Act. I believe this question should be answered in the negative. In reaching this conclusion, I am guided by the accepted principle that courts are required to reconcile and uphold, if possible, two statutes addressing the same subject. See Darr v. Bankston, 327 Ark. 723,940 S.W.2d 481 (1997). Moreover, in determining the intent of lawmakers, the courts must look to the whole act, rather than to isolated words or sections. See Kifer v. Liberty Mut. Ins. Co., 777 F.2d 1325 (1985);Elizabeth Arden Sales Corp. v. Gus Blass Co., 150 F.2d 988, cert. denied326 U.S. 773 (1945). The intent that is reflected by the act as a whole should take precedence over any intent reflected by isolated words or sections. Id. In addition, it has been held that unnecessary or contradictory clauses in acts should be deleted and disregarded in order to give effect to the clear legislative intent. City of Fort Smith v.Tate, 38 Ark. App. 172, 832 S.W.2d 262 (1992). Finally, the court has held that in determining legislative intent in order to construe an act, the reason and spirit of the act should take precedence over the letter of the act, where adherence to the letter of the act would result in an absurdity or would defeat the plain purpose of the law. Williams v. Cityof Pine Bluff, 284 Ark. 551, 683 S.W.2d 923 (1985).
As previously noted, the Motor Vehicle Liability Insurance Act is merely "supplemental to and cumulative to the Motor Vehicle Safety Responsibility Act." A.C.A. § 27-22-102. Given this fact and further in accordance with the principles just recited, I believe the two acts should be approached as unitary legislation, with the application of terms in one providing guidance for application in the other. In my opinion, in excluding from the insurance requirement vehicles not subject to registration, A.C.A. §§ 27-19-701(1)(A) and -713, the Motor Vehicle Safety Responsibility Act has effectively narrowed the category of "motor vehicles" to a point that does not include motorized bicycles. This exclusion should naturally extend to "motor vehicles" as that term is used in the Motor Vehicle Liability Insurance Act. I am reinforced in this conclusion by the fact that A.C.A. § 27-22-104 (Supp. 1999), in setting forth the consequences of failing to provide proof of insurance on a "motor vehicle," includes without qualification a directive that the vehicle's license plate be impounded. Given that motorized bicycles are not subject to registration and licensing, this legislation does not appear intended to apply to such conveyances.
Finally, notwithstanding my conclusion, I will note that I fully understand the city attorney's confusion regarding the scope of the liability insurance requirement. Although motorized bicycles are expressly excluded from the Motor Vehicle Safety Responsibility Act, they are excluded by mere implication in the Motor Vehicle Liability Insurance Act. I believe it would be helpful if the legislature clarified the latter exclusion. Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] The terms "motorcycle," "motor-driven cycle" and "motorized bicycle" are distinguished in Arkansas Code chapter 20 of title 27, captioned "Operation of Motorized Cycles." A.C.A. § 27-20-101.