The Honorable Doyle Webb State Senator P.O. Box 2307 Benton, AR 72018-2307
Dear Senator Webb:
You have requested an Attorney General opinion concerning the sale of fireworks within the city limits of Benton, Arkansas.
You have attached several ordinances that have been enacted by the Benton City Council regarding this issue.
Ordinance 12 of 1985 adopted the Standard Fire Prevention Code of 1982, which (you state) prohibited the sale of fireworks within the city limits. You note that the Standard Fire Prevention Code has been replaced approximately every three years since 1982, and the current 1999 version of that code allows for the sale of fireworks at the will of the city council.
Ordinance 17 of 1986, which has been codified as Chapter 7.32 of the Benton Municipal Code, purports to regulate the sale of fireworks within the city limits.
Ordinance 11 of 1994 adopted criminal penalties for the violation of Ordinance 12 of 1985.
You state that for the past several years, fireworks have been sold within the Benton city limits, but that the mayor has recently changed this policy, basing his decision on Ordinance 12 of 1985 and its adoption of the Standard Fire Prevention Code of 1982.
The mayor's action and the interaction of the above-discussed ordinances has given rise to the following questions:
 (1) Was the mayor's action of prohibiting the sale of fireworks within the city limits proper?
(2) Has Ordinance 17 of 1986 been superseded by state law?
RESPONSE
Question 1 — Was the mayor's action of prohibiting the sale of fireworkswithin the city limits proper?
Preliminary Statement
As an initial matter, I must note that an adequate response to this question would require an interpretation of all the relevant ordinances. The Attorney General is not in a position to undertake the interpretation of local ordinances. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinances. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the local ordinances that are relevant to your question therefore must ultimately be handled locally, or through a medium that can consider local matters, such as a court.
Nevertheless, I will discuss various state law principles that are applicable to local ordinances, under which the City of Benton can analyze the various relevant ordinances. Although I cannot reach any definitive conclusions regarding the interpretation of the relevant ordinances, I do note that these state law principles appear to indicate that Ordinance 17 of 1986, permitting the sale of fireworks within the city limits, may be the controlling ordinance, and that a policy prohibiting such sales may be inconsistent with the city's laws.[1]
DISCUSSION
1. Conflict With State Law
Cities of the first class are empowered to regulate matters such as the sale of fireworks within the city limits. This power arises out of A.C.A. § 14-54-104(4)(C), which states in pertinent part:
 In order to better provide for the public welfare, safety, comfort, and convenience of inhabitants of cities of the first class, the following enlarged and additional powers are conferred upon these cities:
* * *
 (C) To prevent or regulate the carrying on of any trade, business, or vocation of a tendency dangerous to morals, health, or safety[.]
A.C.A. § 14-54-104(4)(C).
A city that acts pursuant to the above-stated authority by passing an ordinance must do so in a manner that is consistent with state law. See
Ark. Const., art. 12, § 4; A.C.A. §§ 14-43-601; 14-42-307; 14-54-101;14-55-101; 14-42-502. The first question, therefore, is whether any state law is in conflict with the various ordinances that are in issue here.
The primary state law that must be examined is The Fireworks Act, Act 224 of 1961, as amended (codified at A.C.A. § 20-22-701 et seq.).[2] That act requires a license for the sale of fireworks in the State of Arkansas. It also imposes various other requirements concerning the sale of fireworks. However, the act does not address the issue of whether fireworks can be sold within municipal city limits. Moreover, the act explicitly preserves the power of municipalities to regulate in this area. More specifically, the relevant section states:
 This subchapter shall not affect the power of any municipality to regulate or prohibit the sale or use of fireworks.
A.C.A. § 20-22-704.
This provision, in effect, grants cities the power to determine for themselves whether to permit the sale of fireworks within city limits.
2. Which Ordinance is in Effect?
Once it has been determined that under state law, the city may determine for itself whether to permit the sale of fireworks within city limits, the next pertinent question is which of the relevant ordinances is currently in effect.
Certain state law principles of statutory construction may be helpful in making this determination. The first is a principle which holds that where several acts address the same subject, they must be interpreted, if possible, so that all can be upheld. See, e.g., Mountain Home Sch. Dis.v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74 (1993); Waire v. Joseph,308 Ark. 528, 825 S.W.2d 594 (1992); Kansas City Southern Ry. Co. v.Pledger, 301 Ark. 564, 785 S.W.2d 462 (1990); Love v. Hill, 297 Ark. 96,759 S.W.2d 550 (1988); Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986). Therefore, if it is possible to interpret the three ordinances in question so that all can be upheld, such an interpretation must be utilized.
Another principle of statutory construction may make such an interpretation possible. That principle holds that where two acts address the same subject, and one is more specific than the other, the more specific should govern. See, e.g., City of Ft. Smith v. Tate,311 Ark. 405, 844 S.W.2d 356 (1993); Sunbelt Courier v. McCartney,31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92
(1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797
(1982).
It appears from the face of the ordinances that all three can be read to address the subject of fireworks. However, Ordinance 12 of 1985 and Ordinance 11 of 1994 do so only very generally, in that fireworks is one of many topics included in the subject matter of those two ordinances (being tied to the Standard Fire Prevention Code, generally). However, Ordinance 17 of 1986 is specifically related to the subject of fireworks. Thus, a court properly applying the foregoing rules of statutory construction would hold that Ordinance 17 of 1986 should govern the sale of fireworks. This interpretation would have the effect of upholding all three ordinances, at least to some extent.
A question, of course, could arise as to how the provisions of Ordinance 12 of 1985 that prohibit the sale of fireworks within city limits (and the related provisions of Ordinance 11 of 1994, which generally impose penalties for the violation of Ordinance 12 of 1985) should be treated if it is assumed that Ordinance 12 of 1985 is still in effect. The concern would be that those provisions would be in direct conflict with Ordinance 17 of 1986. A possible solution to this concern could be to apply the principle of implied repeal.
If that principle were applied to this situation, the result would be a holding that the provisions of Ordinance 12 of 1985 prohibiting the sale of fireworks within the city limits — and only those provision of Ordinance 12 — were impliedly repealed by Ordinance 17 of 1986, because Ordinance 17 of 1986 included a repealer clause applicable to all ordinances and parts of ordinances inconsistent with Ordinance 17 of 1986. Repeals that are effected by general repealer clauses are treated as implied repeals. Morrison v. Jennings, 328 Ark. 278, 943 S.W.2d 559
(1997) (treatment of a general repealer clause does not differ from the rules applicable to a repeal by implication). In order for implied repeals (which are not usually favored) to be effective, the conflict in question must be irreconcilable. Board of Trustees v. Stodola,328 Ark. 194, 942 S.W.2d 255 (1997).
To the extent that Ordinance 12 of 1985 (by its incorporation of the Standard Fire Prevention Code of 1982) prohibited the sale of fireworks within the city limits, it would appear to be in direct conflict with Ordinance 17 of 1986. This conflict also appears to be irreconcilable. Thus, under the principle of implied repeal, it could be concluded that the provisions of Ordinance 12 of 1985 that are in conflict with Ordinance 17 of 1986 were impliedly repealed by Ordinance 17 of 1986.
The problem of the conflict between Ordinance 17 of 1986 and Ordinance 12 of 1985 could also be solved by application of the "later in time" principle. Under that principle, if two acts that address the same subject are in conflict, the one that is passed later in time will govern.Daniels, Director v. City Of Fort Smith, 268 Ark. 157, 594 S.W.2d 238
(1980). See also A.C.A. § 7-5-104. If a court properly applied this principle of statutory construction to these ordinances, the result would be a holding that Ordinance 17 of 1986, being later in time than Ordinance 12 of 1985, takes precedence over any conflicting provisions of Ordinance 12 of 1985. (I note that Ordinance 11 of 1994 would not likely be argued to have taken precedence over Ordinance 17 of 1986, even though it was passed later in time, because its provisions are so much more general than those of Ordinance 17 of 1986.)
I reiterate that I am not in a position to definitively interpret the ordinances that are at issue. The foregoing discussion is based solely upon the limited information that is available to me. Again, only a court can conduct a thorough and accurate assessment of this situation, taking into consideration all of the pertinent information that would bear upon the city council's intent with regard to fireworks. Nevertheless, the state law principles discussed above should provide city officials with a reasonable basis for resolving the situation.
Question 2 — Has Ordinance 17 of 1986 been superseded by state law?
It is my opinion that Ordinance 17 of 1986, at least as it appears on its face and absent other factors unknown to me that may dictate a contrary conclusion, has not been superseded by state law.
As discussed above in response to Question 1, the state law that governs the issue of the sale of fireworks is The Fireworks Act, codified at A.C.A. § 20-22-701 et seq. (Acts 1961, No. 224, as amended.) As indicated, this law requires licenses for manufacturing, importing, distributing, wholesaling, and retailing fireworks in the State of Arkansas. It also imposes various other requirements concerning the exercise of these activities. It does not supersede municipal ordinances that are not in conflict with it. Indeed, as discussed, it explicitly preserves the power of municipalities to regulate in this area. More specifically, the relevant section states:
 This subchapter shall not affect the power of any municipality to regulate or prohibit the sale or use of fireworks.
A.C.A. § 20-22-704.
Because Ordinance 17 of 1986 does not appear on its face to conflict with the provisions of A.C.A. § 20-22-701 et seq., and because Ordinance 17 of 1986 was enacted within the authority explicitly preserved to municipalities in A.C.A. § 20-22-704, it does not appear to have been superseded by state law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I also note that although the mayor does have enforcement capacities that may reflect the city's policy, he does not have the authority to change a policy that has been enacted as a city ordinance.
[2] Of course, the state's Standard Fire Prevention Code is also pertinent to matters involving fireworks. However, that Code need not be separately examined with regard to the issue of the sale of fireworks, because its current provisions, as amended by the State Police pursuant to the authority granted in A.C.A. § 12-13-105, invoke The Fireworks Act and provide that the sale of fireworks is to be governed by that act.