Sonya Danette CHUNN and Daniel Chunn *v.* Daniel D'AGOSTINO, Jr.

92-774                                                        847 S.W.2d 699

Supreme Court of Arkansas
Opinion delivered February 22, 1993

*W.H. Dillahunty*, for appellant.

*Hurst Law Offices*, by: *Kathy A. Cruz* and *Terry P. Diggs*, for appellee.

DAVID NEWBERN, Justice. The appellants, Sonya and Daniel Chunn, are the biological children of the appellee, Daniel D'Agostino. D'Agostino and their mother were divorced by a decree of November 15, 1973, which awarded custody to the mother and required D'Agostino to pay $250 per month child support. The son, Daniel, was four years old, and Sonya, the

daughter, was two. Thereafter, their mother married John Fred Chunn who, by decree of July 16, 1981, adopted Daniel and Sonya, and the parent-child relationship between Sonya and Daniel and D'Agostino was severed.

On September 17, 1991, within five years after Daniel and Sonya had each reached age 18, they sued D'Agostino to recover unpaid child support accrued prior to the date of their adoption. We hold that Sonya and Daniel Chunn's claim is barred by the statute of limitations which was in effect at the time the child support arrearages accumulated and for a time thereafter, and thus we affirm the Chancellor's decision to dismiss their claim.

At the trial, D'Agostino argued only that Ark. Code Ann. § 9-9-215(a)(1) (Repl. 1991), the adoption law, eliminated the children's claim for support by its provision that adoption makes the natural parent whose parental ties are severed a "stranger" to the adopted child.

The Chancellor granted the dismissal, but not on the basis argued. In colloquy with counsel, the Chancellor stated that the 1981 adoption decree cut off any child support obligation accruing *after* the decree. The Chancellor stated further that the child support obligation could not be pursued with respect to any payments owed *prior* to 1984 because a five-year statute of limitations was in effect until 1989 when it was increased to 10 years, and *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990), held that the revision could not increase the limitations period for a support claim already barred.

It is thus clear that the Chancellor did not consider the claim of Daniel and Sonya for support owed for a period prior to their adoption to be barred by the adoption. Rather, he applied the five-year statute of limitations which would have barred a claim brought by Daniel's and Sonya's mother if it had been filed in 1991 as was this suit. The question we must answer is whether the statute which would have barred the claim of the children's mother also stands as a bar to the children's claim.

In *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992), we recognized that, according to the United States Supreme Court, there is no constitutional impediment, except in title to property cases, to increasing the length of a limitation

period and making the increase retroactive to cover claims already in existence. We noted, however, that the law of this State and many others is that the General Assembly may not expand a limitation period so as to revive a claim already barred.

In the *Johnson* case we recited the recent history of the statute of limitations applicable to child support claims as follows:

> Prior to 1989, the statute of limitation for child support arrearages was five (5) years. Ark. Code Ann. § 16-56-115 (1987). In 1989, the General Assembly changed the limitation to ten (10) years. Ark. Code Ann. § 9-14-236 (Repl. 1991). We held the 1989 amendment did not apply retroactively. *Sullivan* v. *Edens*, 304 Ark. 133, 801 S.W.2d 32 (1990). The General Assembly wanted to further enlarge this statute of limitation, so it passed Act 870 of 1991, which amends Ark. Code Ann. §§ 9-14-105 & 9-14-236, and provides child support actions can be "brought at any time up to and including five (5) years beyond the date the child for whose benefit the initial support order was entered reaches the age of eighteen (18) years." The 1991 act also provides that the enlarged limitation "shall retroactively apply to all child support orders now existing."

Our ultimate holding in the *Johnson* case was that the mother could not have the benefit of the new statute of limitations with respect to a claim for child support arrearages which were already barred when the new statute of limitations came into effect.

■ As noted above, this case is a little bit different from the *Johnson* case and from the *Sullivan* case because it is the children, and not the custodial parent, who pursue the claim. Prior to 1989, there was no statutory authority for the children to pursue the claim. Act 383, § 1, of 1989 listed as persons who could bring the claim, "Any person eighteen (18) or above to whom support was owed during his minority." Here is how the statute, codified as Ark. Code Ann. § 9-14-105, which deals with the support obligation read after the 1989 Act:

> (a) The chancery courts in the several counties in this state shall have exclusive jurisdiction in all civil cases and

matters relating to the support of a minor child or support owed to a person eighteen (18) or older which accrued during that person's minority.

(b) The following may file a petition to require the noncustodial parent or parents of a minor child to provide support for the minor child:

(1) Any parent having physical custody of a minor child;

(2) Any other person or agency to whom custody of a minor child has been given or relinquished;

(3) A minor child by and through his guardian or next-of-friend; or

(4) The Department of Human Services when the parent or person to whom custody has been relinquished or awarded is receiving assistance in the form of Aid to Families with Dependent Children or has contracted with the department for the collection of support.

(c) Any person age eighteen (18) or above to whom support was owed during his minority may file a petition for a judgment against the nonsupporting parent or parents. Upon hearing, a judgment may be entered upon proof by a preponderance of the evidence for the amount of support owed and unpaid.

(d) As used in this subchapter, unless the context otherwise requires:

(1) "Minor child" means a child less than eighteen (18) years of age.

(2) "Noncustodial parent" means a parent who resides outside the household or institution in which the minor child resides.

Subsections (e) and (f) of the Statute were added by Act 870 of 1991:

(e) Any action filed pursuant to this subchapter may be brought at any time up to and including five (5) years from the date the child reaches the age of eighteen (18) years of age.

(f) This section shall apply to all actions pending as of March 29, 1991, and filed thereafter and shall retroactively apply to all child support orders now existing.

Sonya and Daniel Chunn argue they could not have brought this action until after they reached eighteen, and the law allows them to bring it for five years after reaching that age. That is, of course, a correct statement, but it does not make their claim a different one from that which was barred when their mother failed to bring it within the then-applicable five-year limitation period. As we read the statute it contemplates one support obligation which may be pursued by different persons at different times. The limitation period is applicable to all of them, and the law we espoused in the *Sullivan* and *Johnson* cases applies; the statute of limitations cannot be amended to extend the time to bring a claim which has been barred.

■ While it may seem unfair to hold that a child for whose benefit support was ordered is barred from seeking the arrearages because his or her custodial parent failed to assert the right when it was his or her prerogative to do so, we must also look to the classic finality rationale to which we alluded in the *Johnson* case. For more than five years after the arrearages accrued the person who could have brought the action to collect them did not do so. The law giving the children a claim had not come into existence. Given the law at the time, Mr. D'Agostino could have assumed properly that the claim was barred. He had a vested right to rely on the statute of limitations as a defense, and that could not be changed by subsequent legislation.

Affirmed.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. The majority has chosen to read Ark. Code Ann. § 9-14-105 (Supp. 1991) narrowly so as to defeat the claims of Sonya and Daniel Chunn for child support which their biological father failed to pay pursuant to an order of the chancery court. A more plausible reading, and more consistent with the clear legislative intent, is to give viability to claims for unpaid child support if brought within five years following the 18th birthday of such dependent children.

The majority concludes that these claims are barred because

before paragraphs (e) and (f) of § 9-14-105 were added in 1991 (Section 1 of Act 870) the claim of Betty D'Agostino, the mother of these appellants, lapsed by the running of the statute of limitations and under the holding of *Johnson* v. *Lilly*, 308 Ark. 201, 823 S.W.2d 883 (1992), claims which have become barred cannot be resurrected by subsequent legislation.

I disagree that the tenet of that case governs this one. The cause of action of minor children dealt with in § 9-14-105(3) and made retroactive "to all child support orders now existing" inures directly to Sonya and Daniel Chunn and is not subject to defeat because their mother permitted her own claim to lapse. I am aware of no rule of law that permits the claim of one individual to be barred by the inaction of another. *See Wilson* v. *Wilson*, 464 So.2d 496 (Sup. Ct. Miss. 1985), and *Biggs* v. *St. Louis, Iron Mountain & Southern Railway Co.*, 91 Ark. 122, 120 S.W. 970 (1909).

I disagree, as well, that these appellants had no cause of action prior to § 9-14-105(3). The law generally recognizes a cause of action by a child against a parent for support. *See Simonds* v. *Simonds*, 154 F.2d 326 (Ct. of App., D.C. 1946), 13 ALR 2d 1138 ["The duty of parents to provide support for their minor children is regarded in practically all American jurisdictions as a legal as well as a moral duty. The legal problems arising in this connection relate namely to the means and methods for enforcing the performance of such duty."] This court has recognized a cause of action directly by children against a father for nonsupport. *See Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S.W.2d 339 (1938) ["The chancery court did not pass on the question of support of the children, but merely denied the wife alimony. Of course, the children are not barred from bringing a suit against their father, and whether they could recover or not would depend upon all the facts and circumstances."] I believe the order appealed should be reversed and the cause remanded.

GLAZE, J., joins in this dissent.