Lowell D. FONKEN *v.* Yedidiyah D. FONKEN

97-1568                                  976 S.W.2d 952

Supreme Court of Arkansas
Opinion delivered October 29, 1998

*Hughes & Hughes, P.A.,* by: *Teresa L. Hughes,* for appellant.

*Daisy Olsen,* for appellee.

Ray Thornton, Justice. Appellant Lowell Fonken is the father of Yedidiyah "Jake" Fonken, appellee, who, upon reaching his majority, filed suit in White County Chancery Court seeking back child support. The chancery court found that, pursuant to Ark. Code Ann. § 9-14-105(c) (Repl. 1998), Mr. Fonken was obligated to pay his son back child support in excess of $19,000.00. From the decision of the trial court, Mr. Fonken brings this appeal. We affirm.

Jake's parents were divorced on November 3, 1982, by order of the Pulaski County Chancery Court. Custody was awarded to the mother, and Mr. Fonken was ordered to pay child support in the amount of $135.00 per month. In May, 1988, Mr. and Mrs. Fonken jointly petitioned the Pulaski County Chancery Court for a change of custody, and requested that Mr. Fonken's child-support obligation be abated. This petition was granted. Custody of Jake was later returned to his mother by a consent order dated February 2, 1989, but there was no mention of child support in the order. Later in 1989, when he was eleven, Jake went to visit his maternal grandparents for the summer. At this time, his mother was receiving voluntary child-support payments from Mr. Fonken. Alleging abuse while in his mother's custody, Jake and his grandparents notified his mother that he would not be returning to her home. Once his mother realized that Jake would not be returning, around October, 1989, she told Mr. Fonken to stop sending her child-support payments.

At trial of this matter, Jake testified that he visited with his father when he and his grandparents would visit the state, and that

they spoke on the phone numerous times when Jake would call Mr. Fonken collect. According to Jake, his father had given him $155.00 in birthday gifts over the years, but that was the extent of the support paid since Jake went to live with his grandparents.

Jake turned eighteen on December 20, 1995; shortly thereafter, he filed suit in White County Chancery Court seeking retroactive child support from February 2, 1989, until December 20, 1995 from his father alone, pursuant to Ark. Code Ann. § 9-14-105(c). The trial court found that Mr. Fonken had a legal obligation to furnish support for his son from the time Jake lived with his grandparents, beginning in October, 1989, through the reminder of his minority. Using the child-support chart as well as Mr. Fonken's income from the years in question, the trial court awarded support to Jake in the amount of $19,690.63, with interest.

■ ■ Mr. Fonken's first point on appeal is that the trial court erred in retroactively modifying the May 12, 1988, order of the Pulaski County Chancery Court, which changed custody and abated his obligation for child support. As a general rule, custody and support of children, during and after a suit for divorce between the parties, belongs appropriately to the court hearing the divorce case. *McCormac v. McCormac*, 304 Ark. 89, 91, 799 S.W.2d 806, 807 (1990); *Holt v. Holt*, 42 Ark. 495, 498 (1883). Here, the Pulaski County Chancery Court abated its previous order for child support in 1988, and it did not order child support reinstated when it returned custody to the mother in February, 1989. Although the Pulaski County Chancery Court continued to have jurisdiction of support matters arising out of the divorce action between Mr. and Mrs. Fonken, it did not exercise that jurisdiction to establish child-support obligations following its abatement of such obligations. While Mr. Fonken objected to the exercise of jurisdiction by the White County Chancery Court, he did not obtain or insist upon a ruling on this issue. The issue of appropriate venue in this action was waived by Mr. Fonken, through his appearance and acceptance of the White County Chancery Court's authority. *Tortorich v. Tortorich,* 333 Ark. 15,

21, 968 S.W.2d 53, 55 (1998); *Hargis v. Hargis*, 292 Ark. 487, 490, 731 S.W.2d 198, 200 (1987).

■ ■ Although chancery cases are reviewed *de novo* on appeal, we will not disturb a chancery court's findings of fact unless they are clearly erroneous or clearly against the preponderance of the evidence. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Nichols v. Wray*, 325 Ark. 326, 333, 925 S.W.2d 785, 789 (1996).

Ark. Code Ann. § 9-14-105(c) (Repl. 1998) provides that:

(a) The chancery courts in the several counties in this state shall have exclusive jurisdiction in all civil cases and matters relating to the support of a minor child or support owed to a person eighteen (18) or older which accrued during that person's minority.

(b) The following may file a petition to require the noncustodial parent or parents of a minor child to provide support for the minor child:

(1) Any parent having physical custody of a minor child;

(2) Any other person or agency to whom physical custody of a minor child has been given or relinquished;

(3) A minor child by and through his guardian or next friend; or

(4) The Office of Child Support Enforcement when the parent or person to whom physical custody has been relinquished or awarded is receiving assistance in the form of Aid to Families with Dependent Children, Medicaid, Title IV-E of the Social Security Act — Foster Care, or has contracted with the department for the collection of support.

(c) Any person age eighteen (18) or above to whom support was owed during his minority may file a petition for a judgment against the nonsupporting parent or parents. Upon hearing, a judgment may be entered upon proof by a

preponderance of the evidence for the amount of support owed and unpaid.

■ ■ The trial court found that this language provided Jake with a cause of action to enforce the obligations of child support that inure to his benefit. We hold that a parent has a legal duty to support his minor children, regardless of the existence of a support order. *Storey v. Ward,* 258 Ark. 24, 26, 523 S.W.2d 387, 389 (1975); *see also Ryan v. Baxter,* 253 Ark. 821, 824, 489 S.W.2d 241, 243 (1973); *Nason v. Nason,* 55 Ark. App. 164, 165, 934 S.W.2d 228, 230 (1996); *Dangelo v. Neil,* 10 Ark. App. 119, 122, 661 S.W.2d 448, 450 (1983). Neither the dissolution of the marriage tie, nor awarding custody of the children, either permanently or temporarily to the mother, relieves the father of his obligation to support them. *Holt,* 42 Ark. at 499. We further hold that the trial court properly applied Ark. Code Ann. § 9-14-105(c).

■ ■ Neither the abstract nor the record reflects that the trial court imposed a retroactive increase to the child support ordered and paid during the period from the divorce until the 1988 order abating Mr. Fonken's child-support obligation. Further, Mr. Fonken cannot rely upon that abatement to relieve him of his legal responsibility to pay child support for the period from the date his custody of Jake ended until the child attained his majority. Whether the order of abeyance canceled the obligation or merely suspended its enforcement is irrelevant. There was no valid order of any court requiring the father to support his minor child during this period of time, but he continued to have both a legal and moral duty to do so. *McCall v. McCall,* 205 Ark. 1123, 1126, 172 S.W.2d 677, 678 (1943). Mrs. Fonken's actions in telling Mr. Fonken to stop paying child support, and his reliance thereupon, are insufficient to relieve him of his legal obligation to his minor child. Even when the support obligation may be affected by contract, the duty cannot be bartered away permanently to the detriment of the child. *Storey,* 258 Ark. at 26, 523 S.W.2d at 389; *Robbins v. Robbins,* 231 Ark. 184, 187, 328 S.W.2d 498, 500 (1959).

■ ■ For his second point on appeal, Mr. Fonken contends that Jake was not entitled to the imposition of retroactive child support under Ark. Code Ann. § 9-14-105(c). The trial court found that this code section provides for a cause of action on behalf of a minor child to recover unpaid child support accruing during that child's minority. As we have noted, the trial court does not appear to have modified the child-support amounts previously ordered and paid, but established a level of child support applicable for that period of time during which Mr. Fonken was not under court order to pay child support. We cannot say that the trial court's finding that Jake was entitled to accrued child support, from October, 1989, until his majority, was clearly erroneous, and therefore we affirm on this point. We have previously held that where a divorce decree does not address the issue of child support, there is no bar to an action by the children for support. *Upchurch v. Upchurch*, 196 Ark. 324, 327 (1938).

■ Lastly, Mr. Fonken argues that should this court hold that Jake is entitled to unpaid child support that accrued during his minority, this court should set the amount of support at the original order of $135.00 per month. However, we have noted that no order establishing the appropriate level of child support was entered after the Pulaski County Chancery Court's 1988 order granting Mr. Fonken custody and abating the original order of support. The record reflects that the trial court based its order of $19,690.63 upon the fathers' income, the child-support chart, and any offsets for payments previously made by him. We cannot say that the trial court's decision was clearly erroneous, and we affirm the trial court's award.