SLIP OPINION

Cite as 2014 Ark. 182

# SUPREME COURT OF ARKANSAS

No. CV–13–963

| | |
|---|---|
| KYLIE B. CHITWOOD<br><br>APPELLANT<br><br>V.<br><br>GORDON G. CHITWOOD, JR.<br>APPELLEE | **Opinion Delivered** APRIL 24, 2014<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. DR–2011–1164–5]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>AFFIRMED. |

**DONALD L. CORBIN, Associate Justice**

Appellant, Kylie B. Chitwood, appeals the order of the Benton County Circuit Court granting summary judgment to her father, Appellee, Gordon G. Chitwood, Jr., on her complaint to collect an alleged arrearage for child support accrued during the period of February 19, 1999, to May 31, 2004. The order appealed from also dismissed as moot Appellee's third-party complaint for indemnification against Appellant's mother, Jane Chitwood. For reversal, Appellant contends that the circuit court erred in two respects. First, Appellant asserts that the circuit court erred in ruling that no arrearage existed because her mother was equitably estopped from collecting the support in a previous lawsuit. Second, Appellant asserts that the circuit court erred in finding that her needs were met during the challenged period. This is a subsequent appeal, and jurisdiction is properly in this court pursuant to Arkansas Supreme Court Rule 1–2(a)(7) (2013). *Chitwood v. Chitwood*, 2013 Ark. 195. We find no merit to either of Appellant's arguments and affirm.

SLIP OPINION

The record reflects the following. Appellant was born on October 1, 1990, during the marriage of Appellee and Jane Chitwood. She was the second child born of the marriage, as Appellee and Jane Chitwood also had a son born on September 23, 1987. Appellee divorced Appellant's mother in October 1993, and was ordered to pay child support for both children. On July 26, 2011, Appellant, then age twenty, filed a complaint against Appellee to collect an alleged arrearage in child support that had accrued from February 19, 1999, to May 31, 2004. On August 30, 2011, Appellee filed a third-party complaint against Appellant's mother seeking indemnification from her should he be required to pay the alleged arrearage.

On February 23, 2012, Appellee filed a motion for summary judgment, arguing primarily that Appellant's complaint was barred under the law-of-the-case doctrine, based on previous litigation wherein he had prevailed against Jane on her claim for unpaid child support for the same period. *Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547 (2005) (affirming circuit court's finding that Jane Chitwood was equitably estopped from asserting her claim for unpaid support during the same period, February 1999 to May 2004). After a hearing on the motion for summary judgment, the circuit court announced its ruling from the bench and later entered an order granting Appellee's motion for summary judgment on May 24, 2012.

We dismissed Appellant's first appeal for lack of a final order. *Chitwood*, 2013 Ark. 195. The circuit court subsequently entered an amended order, again granting summary judgment to Appellee and also dismissing, as moot, his third-party complaint for indemnification. In the amended, final order now being appealed, the circuit court

2

specifically found "that there was no child support arrearage for the period of time sought in [Appellant's] Complaint and that there is no arrearage as of this date." The circuit court's ruling was based on the previous litigation in which the court of appeals affirmed the circuit court's decision that Jane Chitwood was estopped from collecting child support for the challenged period. *Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547. The order also stated as follows:

> The Chitwood children's needs were met during the period of time when [Appellee] was not paying child support pursuant to his belief that an agreement had been made that no child support would be due and owing and he would have no relationship with the children. This factual situation was fully resolved by the Court in *Chitwood v. Chitwood*, CA-04-996 and on appeal in *Chitwood v. Chitwood*, 92 Ark. App. 129[, 211 S.W.3d 547] (2005).
>
> . . . .
>
> 5. The Court finds that at this point in time, to require [Appellee] to provide funds to [Appellant] would be inequitable.
>
> 6. Because there was no arrearage during the period of time for which an arrearage is sought in this Complaint and because there is no arrearage today, the entry of an Order of Summary Judgment is ordered.

Appellant timely appealed from the foregoing order, which was final because it dismissed the third-party complaint as moot.

We review child-support cases de novo on the record, and we do not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Hall v. Hall*, 2013 Ark. 330, ___ S.W.3d ___. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* However, we give no deference to a circuit court's conclusion of law.

*Id.* Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Tillman v. Raytheon Co.*, 2013 Ark. 474, ___ S.W.3d ___.

Appellant's first point for reversal of the summary judgment is essentially a challenge to the circuit court's finding that there was no arrearage because Appellant's mother was estopped from pursuing the same claim in a previous lawsuit. Appellant argues that the equitable-estoppel defense that Appellee had used successfully in the earlier lawsuit filed by her mother cannot be asserted in this case because Appellee has not presented any facts necessary to satisfy the elements of equitable estoppel against Appellant. Relying on *Fonken v. Fonken*, 334 Ark. 637, 976 S.W.2d 952 (1998), Appellant argues further that her mother's actions did not absolve Appellee of his legal and moral obligation to pay child support. According to Appellant, because Appellee's obligation to pay support continued to exist during the five-year period that he did not pay support, the arrearage is a legitimate claim for Appellant to pursue now that she has reached the age of majority.

Appellee responds that child support is a singular obligation and that the circuit court correctly determined that there was no arrearage and no cause of action for Appellant to pursue because estoppel had been determined in the previous lawsuit. Specifically, he asserts that, because an order had previously been entered setting the amount of child support he was to pay, the controlling statute governing Appellant's ability to collect child support upon reaching the age of majority is Arkansas Code Annotated section 9-14-236 (Repl. 2009). *Clemmons v. Office of Child Support Enforcement*, 345 Ark. 330, 47 S.W.3d 227 (2001). Because

this court has interpreted that statute in *Clemmons* as providing for only a singular obligation of child support, Appellee maintains that the prior litigation bars the present action.

We conclude that our holdings in *Clemmons* and *Chunn v. D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993), are dispositive of this case and render Appellant's argument for reversal without merit. In *Clemmons*, this court considered the two statutes governing when children who have reached the age of majority may maintain an action for child support: Ark. Code Ann. §§ 9-14-105 and 9-14-236 (Repl. 2009). This court concluded in *Clemmons* that section 9-14-105 applies to actions for initial petitions of support and that section 9-14-236 applies to actions for collection of arrearages for support ordered in a prior judgment. This court also concluded in *Clemmons* that section 9-14-236 "does not place a limitation on who" among the statute's list of possible parties "can pursue an action for collection of child-support arrearages." *Clemmons*, 345 Ark. at 342, 47 S.W.3d at 234. We noted that our case law supported such a conclusion, as this court has had cases in which the custodial parent, the adult child, or the custodial parent, even after the child reached majority, was allowed to pursue collection of the arrearage. *See Clemmons*, 345 Ark. 330, 47 S.W.3d at 227 (collecting cases). However, we also noted that even though the statute "contemplates one support obligation which may be pursued by different persons at different times," our cases indicate that "once a child reaches majority, whoever files the collection action first is allowed the right and ability to collect." *Clemmons*, 345 Ark. at 344, 47 S.W.3d at 235 (quoting *Chunn*, 312 Ark. at 145, 847 S.W.2d at 701). Our interpretation of the statute as stated in *Clemmons*, as well as the cases collected and cited therein, leads to the conclusion that when a custodial

5

SLIP OPINION

parent files suit to collect an arrearage for the support of a minor child, that child may not also sue for the same arrearage once the child reaches majority.

We note that, although some subsections of these statutes have been slightly amended and rearranged, there have been no substantive changes to the statutes since *Clemmons* was decided. The General Assembly is presumed to be familiar with this court's interpretations of its statutes, and if it disagrees with those interpretations, it can amend the statutes. *Corn v. Farmers Ins. Co.*, 2013 Ark. 444, ___ S.W.3d ___. Without such amendments, however, our interpretations of the statutes remain the law. *Id.*; *Miller v. Enders*, 2013 Ark. 23, ___ S.W.3d ___.

Applying these statutory principles as interpreted in *Clemmons* to the facts of this case, we see that Jane Chitwood was the first to file the action to collect the unpaid support for the five-year period from February 1999 to May 2004. As noted by the court of appeals, Jane Chitwood's action was filed on April 21, 2003, while Appellant was still a minor. *Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547. That action concluded with the court of appeals affirming the circuit court's finding that Jane Chitwood was prohibited by the doctrine of equitable estoppel from seeking to collect child-support arrearages or to enforce any child-support judgment that had accrued through May 25, 2004. As the first to file, Jane Chitwood was thus allowed the right and the ability to collect the alleged arrearage. *See Clemmons*, 345 Ark. 330, 47 S.W.3d 227. Her attempt failed because it was held that she was estopped from collecting the arrearage. *Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547. To allow Appellant to subsequently maintain a second, or additional, suit to collect the same support obligation

would be inconsistent with the singular nature of the child-support obligation. While it is true, as Appellant argues, that she could not have maintained her action until she reached majority, that does not make her claim for support a different one from the one pursued by her mother that was barred. *See Chunn*, 312 Ark. 141, 847 S.W.2d 699 (concluding that action by adult children was the same claim and barred by their mother's failure to bring it within the then applicable five-year-limitation period).

In sum, we conclude that the alleged arrearage for the challenged period was a singular obligation of support that has previously been litigated and barred from collection due to the doctrine of equitable estoppel. *Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547. Because child support is a singular obligation, and because the unpaid support claimed in this case has previously been litigated to the conclusion that it cannot be collected, we cannot say that the circuit court here was clearly erroneous in finding that there is no arrearage and that the prior suit bars the present suit.

As her second point for reversal, Appellant challenges the circuit court's finding that her needs were met by funds available to her mother during the five-year period that Appellee did not pay child support. On appeal, Appellant emphasizes that the additional funds used to meet her needs did not come from Appellee, but from her mother's inheritance.

Initially, we note that the facts supporting this finding were undisputed. For, as the circuit court's order correctly observed, Appellant admitted in her deposition that her and her brother's everyday needs and expenses were paid during the challenged period. Furthermore, Appellant misreads the operative effect of this finding as a matter of law. The summary

SLIP OPINION

judgment was appropriately granted because there were no material facts in dispute, and the claim was barred as a matter of law. If the claim is barred as a matter of law, whether Appellant's needs were met for the challenged period is of no effect.

In conclusion, we note that the circumstances of this case are somewhat unique. The court of appeals held that the mother was estopped from asserting the claim to the support because she had induced the father to enter into an agreement that she *knew* was unenforceable because she had sought legal counsel on the matter. The arrearage that Appellant attempts to collect here is the same arrearage that her mother had attempted to collect in the previous suit. That her mother's attempt to collect failed does not change the singular nature of the child-support obligation as contemplated by the statute, section 9-14-236, and recognized in our case law interpreting the statute, *Clemmons* and *Chunn*. Appellant's present suit is barred by her mother's previous suit. The finding that Appellant's needs were met during the challenged period of unpaid support was not clearly erroneous and was not the basis for the circuit court's conclusion that summary judgment should be granted. The summary judgment in favor of Appellee is therefore affirmed; accordingly, there is no need for us to address Appellee's arguments concerning the possible revision of the amount of support, any credit for moneys he paid to Appellant after she had reached majority, and the possible transfer of wealth or accumulation of capital that would result.

Affirmed.

BAKER, J., dissents.

**KAREN R. BAKER, Justice, dissenting.**   Although the majority holds that Ark. Code Ann. § 9-14-236 and our opinions in *Chunn v. D'Agostino*, 312 Ark. 141, 847 S.W.2d 699 (1993) and *Clemmons v. Office of Child Support Enforcement*, 345 Ark. 330, 344, 47 S.W.3d 227, 235 (2001) support that Ark. Code Ann. § 9-14-236 only provides for a singular child-support-arrearages obligation, this holding misconstrues our statute and case law.  Therefore, I dissent.

First, in interpreting Ark. Code Ann. § 9-14-236, using plain and ordinary meaning of its language, Ark. Code Ann. § 9-14-236 does not state that the obligation of child-support arrearages is a singular obligation.  The statute only contemplates who can bring an arrearages claim and when.  Ark. Code Ann. § 9-14-236 does not preclude Kylie Chitwood, "the child for whose benefit the initial support order was entered," from asserting her action for child-support arrearages, and once she reached majority, she had the right to assert her action.  Kylie had this right despite her mother having previously been equitably estopped from collecting the child-support arrearage by her conduct when Kylie was a minor.  The mother's action and Kylie's action are distinct from one another.

Second, the majority relies on *Chunn* and *Clemmons* in support of its interpretation that Ark. Code Ann. § 9-14-236 allows only for a singular obligation.  However, both cases are distinguishable.  *Chunn* is distinguishable from the present case because in *Chunn*, the mother was barred, not estopped, by a five-year statute of limitations, in place at that time.  In that case, when the Chunn children reached majority, they timely filed an action to collect the arrearages that had accrued from the time the support order was entered to the time their

9

father's parental rights were terminated. Our holding was specific to the question of finality and the statute of limitations. We held that a noncustodial parent had a "vested right to rely on the statute of limitations as a defense, and that could not be changed by subsequent legislation." *Chunn*, 312 Ark. 141, at 145, 847 S.W.2d 699, 701–02. Further, in *Chunn* we held, "As we read the statute it contemplates one support obligation which may be pursued by different persons at different times." *Id.* Here, Appellee's obligation of support was never terminated by a statute of limitations or abated by court order, instead it remained a viable debt for Kylie to pursue after she reached majority.

*Clemmons* is also distinguishable and does not support the majority's opinion. In *Clemmons*, we addressed who was entitled to bring an action for arrearages after a child has reached majority. In *Clemmons*, the mother had assigned her right to collect to appellee, Office of Child Support Enforcement. The chancery court held that the Office of Child Support Enforcement was estopped because the mother had concealed the child, barring visitation. In an earlier related case, the court of appeals reversed this decision, holding that refusal to allow the collection of past-due support based on a failure to allow visitation contravenes the purpose of the Uniform Interstate Family Support Act. *Office of Child Support Enforcement v. Clemmons*, 65 Ark. App. 84, 88, 984 S.W.2d 837, 839 (1999).

In *Clemmons*, we held that either the custodial parent, the Office of Child Support Enforcement, or the child, having reached majority, was entitled to petition for arrearages under § 9-14-236. We stated that "as we read the statute [Ark. Code Ann. § 9-14-236] it contemplates one support obligation which may be pursued by different persons at different

times. *Chunn*, 312 Ark. at 145, 847 S.W.2d at 701; [*Darr v. Bankston*, 327 Ark. 723, 940 S.W.2d 481 (1997)]. These cases indicate that once a child reaches majority, whoever files the collection action first is allowed the right and ability to collect." *Clemmons*, 345 Ark. at 344, 47 S.W.3d at 235. *Clemmons* does not support the majority's holding here, because the mother was estopped from pursuing arrearages before Kylie reached majority, where in *Clemmons*, the action in question occurred after the child had reached majority.

Looking at the plain meaning of Ark. Code Ann. § 9-14-236, Kylie could not pursue arrearages before she reached majority. *Chunn* and *Clemmons* contemplate only one support obligation if an action is brought after the child reaches majority. In this case, Kylie's action is the only action that was brought after she had reached majority. Thus, the circuit court erred in finding that Kylie's action was barred as a matter of law.

The majority places much emphasis on the circuit court's decision that because Kylie's mother was estopped, there are no arrearages. Although the court of appeals ruled that Kylie's mother was estopped, the court did not hold there were no arrearages. *Chitwood v. Chitwood*, 92 Ark. App. 129, 211 S.W.3d 547 (2005). In the instant case, the circuit court erred in finding that there were no arrearages based on the court of appeals opinion, as that was not stated. As the obligation is still viable, Appellee presents no facts essential to assert a claim of equitable estoppel as to Kylie's claim. Therefore, because Kylie has reached majority, pursuant to Ark. Code Ann. § 9-14-236, the circuit court erred in granting summary judgment.

The circuit court also held in its order granting summary judgment that to allow Kylie to collect the unpaid child support would be inequitable. Because Kylie's mother was estopped

from prevailing in her attempt to collect the support, I fail to see how it would be inequitable for Appellee to pay his obligation. This is not an instance in which Appellee would have paid the support twice. The circuit court erred in granting summary judgment based on inequity.

The majority chose not to address Kylie's second point on appeal, that although it is undisputed that Kylie's needs were met, they were not met by Appellee. The majority holds that "summary judgment was appropriate because there were no material facts in dispute and the claim was barred as a matter of law." Therefore, "whether Appellant's needs had been met is of no effect." However, the majority goes on to hold that the decision of the circuit court finding that Kylie's needs were met was not clearly erroneous.

However, the majority ignores our case law, which provides that "the parent must furnish the support and maintenance himself and the duty is a personal one, and he may not rely upon the assurance that someone else is properly supporting and maintaining the child . . . ." *Pender v. McKee*, 266 Ark. 18, 35, 582 S.W.2d 929, 935 (1979). The Arkansas Court of Appeals has held that the noncustodial "parent has a legal and moral duty to support and educate his child and to provide the necessities of life even though the child has sufficient property to do so." *Lee v. Lee*, 95 Ark. App. 69, 75, 233 S.W.3d 698, 702 (2006).

The court of appeals' reasoning in *Lee* is persuasive and I would adopt it. In *Lee*, the children received a large personal-injury settlement as a result of an accident and a special trust provided for their needs. The appellant argued that the circuit court erred in not crediting the amount that the children received from a special-needs trust against his support obligation. The court of appeals reasoned that the funds in the trust were not earned by the father and are not

SLIP OPINION

a substitute for the child support he owed. Likewise, in this case, the mother's inheritance, which allowed her to provide for Kylie, in no way relieved Appellee of his court-ordered support obligation.

Additionally, in *Fonken v. Fonken*, 334 Ark. 637, 976 S.W.2d 952 (1998), the appellee, upon reaching majority, petitioned for child support arrearages. The appellant's child-support order had been abated by the court when he received joint custody. Subsequently, when the appellee's mother regained custody no support order was entered, and she told appellant to stop paying voluntary support. We held "that a parent has a legal duty to support his minor children, regardless of the existence of a support order". *Id* at 642, 954 (internal citations omitted); *see also Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002). We held that support was both a "legal and moral duty." *Fonken*, 334 Ark. at 642, 976 S.W.2d at 954. We noted that "Mrs. Fonken's actions in telling Mr. Fonken to stop paying child support, and his reliance thereupon, are insufficient to relieve him of his legal obligation to his minor child. Even when the support obligation may be affected by contract, the duty cannot be bartered away permanently to the detriment of the child". *Id.* (internal citations omitted).

*Fonken* is on point but in addition, here, Appellee's support order was never abated by a court order. Further, as in *Lee*, Appellee cannot claim credit for Kylie's needs having been met by her mother's inheritance. Appellee had a legal and moral duty to support Kylie. Thus, the circuit court erred in granting summary judgment to Appellee. Accordingly, I would reverse and remand this matter for trial.

*Hogue Law Firm, PLLC*, by: *Brian C. Hogue*, for appellant.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups* and *David. R. Matthews*, for appellee.