DONALD L. CORBIN, Justice. |!Appellant, Kylie B. Chitwood, appeals the order of the Benton County Circuit Court granting summary judgment to her father, Appellee, Gordon G. Chitwood, Jr., on her complaint to collect an alleged ar-rearage for child support accrued during the period of February 19, 1999, to May 31, 2004. The order appealed from also dismissed as moot Appellee’s third-party complaint for indemnification against Appellant’s mother, Jane Chitwood. For reversal, Appellant contends that the circuit court erred in two respects. First, Appellant asserts that the circuit court erred in ruling that no arrearage existed because her mother was equitably estopped from collecting the support in a previous lawsuit.- Second, Appellant asserts that the circuit court erred in finding that her needs were met during the challenged period. This is a subsequent appeal, and jurisdiction is properly in this court pursuant to Arkansas Supreme Court- Rule 1-2(a)(7) (2013). Chitwood v. Chitwood, 2013 Ark. 195, 2013 WL 1932916. We find no merit to either of Appellant’s arguments and affirm. |2The record reflects the following. Appellant was born on October 1, 1990, during the marriage of Appellee and Jane Chitwood. She was the second child born of the marriage, as Appellee and Jane Chitwood also had a son born on September 23,1987. Appellee divorced Appellant’s mother in October 1993, and was ordered to pay child support for both children. On July 26, 2011, Appellant, then age twenty, filed a complaint against Appellee to collect an alleged arrearage in child support that had accrued from February 19, 1999, to May 31, 2004. On August 30, 2011, Appellee filed a third-party complaint against Appellant’s mother seeking indemnification from her should he be required to pay the alleged arrearage. On February 23, 2012, Appellee filed a motion for summary judgment, arguing primarily that Appellant’s complaint was barred under the law-of-the-case doctrine, based on previous litigation wherein he had prevailed against Jane on her claim for unpaid child support for the same period. Chitwood v. Chitwood, 92 ArkApp. 129, 211 S.W.3d 547 (2005) (affirming circuit court’s finding that Jane Chitwood was equitably estopped from asserting her claim for unpaid support during the same period, February 1999 to May 2004). After a hearing on the motion for summary judgment, the circuit court announced its ruling from the bench and later entered an order granting Appellee’s motion for summary judgment on May 24, 2012. We dismissed Appellant’s first appeal for lack of a final order. Chitwood, 2013 Ark. 195. The circuit court subsequently entered an amended order, again granting summary judgment to Appellee and also dismissing, as moot, his third-party complaint for indemnification. In the amended, final order now being appealed, the circuit court | <.specifically found “that there was no child support arrearage for the period of time sought in [Appellant’s] Complaint and that there is no arrearage as of this date.” The circuit court’s ruling was based on the previous litigation in which the court of appeals affirmed the circuit court’s decision that Jane Chitwood was estopped from collecting child support for the challenged period. Chitwood, 92 Ark.App. 129, 211 S.W.3d 547. The order also stated as follows: The Chitwood children’s needs were met during the period of time when [Appel-lee] was not paying child support pursuant to his belief that an agreement had been made that no child support would be due and owing and he would have no relationship with the children. This factual situation was fully resolved by the Court in Chitwood v. Chitwood, CA-04-996 and on appeal in Chitwood v. Chitwood, 92 Ark.App. 129[, 211 S.W.3d 547] (2005). [[Image here]] 5. The Court finds that at this point in time, to require [Appellee] to provide funds to [Appellant] would be inequitable. 6. Because there was no arrearage during the period of time for which an arrearage is sought in this Complaint and because there is no arrearage today, the entry of an Order of Summary Judgment is ordered. Appellant timely appealed from the foregoing order, which was final because it dismissed the third-party complaint as moot. We review child-support cases de novo on the record, and we do not reverse a finding of fact by the circuit court unless it is clearly erroneous. Hall v. Hall, 2013 Ark. 330, 429 S.W.3d 219. In reviewing a circuit court’s findings, we give due deference to that court’s superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. Id. However, we give no deference to a circuit court’s conclusion of law. I Jd. Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Tillman v. Raytheon Co., 2013 Ark. 474, 430 S.W.3d 698. Appellant’s first point for reversal of the summary judgment is essentially a challenge to the circuit court’s finding that there was no arrearage because Appellant’s mother was estopped from pursuing the same claim in a previous lawsuit. Appellant argues that the equitable-estoppel defense that Appellee had used successfully in the earlier lawsuit filed by her mother cannot be asserted in this case because Appellee has not presented any facts necessary to satisfy the elements of equitable estoppel against Appellant. Relying on Fonken v. Fonken, 334 Ark. 637, 976 S.W.2d 952 (1998), Appellant argues further that her mother’s actions did not absolve Appellee of his legal and moral obligation to pay child support. According to Appellant, because Appellee’s obligation to pay support continued to exist during the five-year period that he did not pay support, the arrearage is a legitimate claim for Appellant to pursue now that she has reached the age of majority. Appellee responds that child support is a singular obligation and that the circuit court correctly determined that there was no arrearage and no cause of action for Appellant to pursue because estoppel had been determined in the previous lawsuit. Specifically, he asserts that, because an order had previously been entered setting the amount of child support he was to pay, the controlling statute governing Appellant’s ability to collect child support upon reaching the age of majority is'Arkansas Code Annotated section 9-14-236 (Repl. 2009). Clemmons v. Office of Child Support Enforcement, 345 Ark. 330, 47 S.W.3d 227 (2001). Because | Bthis court has interpreted that statute in Clemmons as providing for only a singular obligation of child support, Appellee maintains that the prior litigation bars the present action. We conclude that our holdings in Clemmons and Chunn v. D’Agostino, 312 Ark. 141, 847 S.W.2d 699 (1993), are dis-positive of this case and render Appellant’s argument for reversal without merit. In Clemmons, this court considered the two statutes governing when children who have reached the age of majority may maintain an action for child support: Ark. Code Ann. §§ 9-14-105 and 9-14-236 (Repl.2009). This court concluded in Clemmons that section 9-14-105 applies to actions for initial petitions of support and that section 9-14-236 applies to actions for collection of arrearages for support ordered in a prior judgment. This court also concluded in Clemmons that section 9-14-236 “does not place a limitation on who” among the statute’s list of possible parties “can pursue an action for collection of child-support arrearages.” Clemmons, 345 Ark. at 342, 47 S.W.3d at 234. We noted that our case law supported such a conclusion, as this court has had cases in which the custodial parent, the adult child, or the custodial parent, even after the child reached majority, was allowed to pursue collection of the arrearage. See Clemmons, 345 Ark. 330, 47 S.W.3d at 227 (collecting cases). However, we also noted that even though the statute “contemplates one support obligation which may be pursued by different persons at different times,” our cases indicate that “once a child reaches majority, whoever files the collection action first is allowed the right and ability to collect.” Clemmons, 345 Ark. at 344, 47 S.W.3d at 235 (quoting Chunn, 312 Ark. at 145, 847 S.W.2d at 701). Our interpretation of the statute as stated in Clemmons, as well as the cases collected and cited therein, leads to the conclusion that when a custodial |P,parent files suit to collect an arrearage for the support of a minor child, that child may not also sue for the same arrearage once the child reaches majority. We note that, although some subsections of these statutes have been slightly amended and rearranged, there have been no substantive changes to the statutes since Clemmons was decided. The General Assembly is presumed to be familiar with this court’s interpretations of its statutes, and if it disagrees with those interpretations, it can amend the statutes. Com v. Farmers Ins. Co., 2013 Ark. 444, 430 S.W.3d 655. Without such amendments, however, our interpretations of the statutes remain the law. Id.; Miller v. Enders, 2013 Ark. 23, 425 S.W.3d 723. Applying these statutory principles as interpreted in Clemmons to the facts of this case, we see that Jane Chitwood was the first to file the action to collect the unpaid support for the five-year period from February 1999 to May 2004. As noted by the court of appeals, Jane Chitwood’s action was filed on April 21, 2003, while Appellant was still a minor. Chitwood, 92 Ark.App. 129, 211 S.W.3d 547. That action concluded with the court of appeals affirming the circuit court’s finding that Jane Chitwood was prohibited by the doctrine of equitable estoppel from seeking to collect child-support arrearages or to enforce any child-support judgment that had accrued through May 25, 2004. As the first to file, Jane Chitwood was thus allowed the right and the ability to collect the alleged arrearage. See Clemmons, 345 Ark. 330, 47 S.W.3d 227. Her attempt failed because it was held that she was estopped from collecting the arrearage. Chitwood, 92 Ark.App. 129, 211 S.W.3d 547. To allow Appellant to subsequently maintain a second, or additional, suit to collect the same support obligation 17would be inconsistent with the singular nature of the child-support obligation. While it is true, as Appellant argues, that she could not have maintained her action until she reached majority, that does not make her claim for support a different one from the one pursued by her mother that was barred. See Chunn, 312 Ark. 141, 847 S.W.2d 699 (concluding that action by adult children was the same claim and barred by their mother’s failure to bring it within the then applicable five-year-limitation period). In sum, we conclude that the alleged arrearage for the challenged period was a singular obligation of support that has previously been litigated and barred from collection due to the doctrine of equitable estoppel. Chitwood, 92 ArkApp. 129, 211 S.W.3d 547. Because child support is a singular obligation, and because the unpaid support claimed in this case has previously been litigated to the conclusion that it cannot be collected, we cannot say that the circuit court here was clearly erroneous in finding that there is no arrearage and that the prior suit bars the present suit. As her second point for reversal, Appellant challenges the circuit court’s finding that her needs were met by funds available to her mother during the five-year period that Appellee did not pay child support. On appeal, Appellant emphasizes that the additional funds used to meet her needs did not come from Appellee, but from her mother’s inheritance. Initially, we note that the facts supporting this finding were undisputed. For, as the circuit court’s order correctly observed, Appellant admitted in her deposition that her and her brother’s everyday needs and expenses were paid during the challenged period. Furthermore, Appellant misreads the operative effect of this finding as a matter of law. The summary ^judgment was appropriately granted because there were no material facts in dispute, and the claim was barred as a matter of law. If the claim is barred as a matter of law, whether Appellant’s needs were met for the challenged period is of no effect. In conclusion, we note that the circumstances of this case are somewhat unique. The court of appeals held that the mother was estopped from asserting the claim to the support because she had induced the father to enter into an agreement that she knew was unenforceable because she had sought legal counsel on the matter. The arrearage that Appellant attempts to collect here is the same arrearage that her mother had attempted to collect in the previous suit. That her mother’s attempt to collect failed does not change the singular nature of the child-support obligation as contemplated by the statute, section 9-14-236, and recognized in our case law interpreting the statute, Clemmons and Chunn. Appellant’s present suit is barred by her mother’s previous suit. The finding that Appellant’s needs were met during the challenged period of unpaid support was not clearly erroneous and was not the basis for the circuit court’s conclusion that summary judgment should be granted. The summary judgment in favor of Appel-lee is therefore affirmed; accordingly, there is no need for us to address Appel-lee’s arguments concerning the possible revision of the amount of support, any credit for moneys he paid to Appellant after she had reached majority, and the possible transfer of wealth or accumulation of capital that would result. Affirmed. BAKER, J., dissents.