KAREN R. BAKER, Justice, dissenting. | ¡Although the majority holds that Ark. Code Ann. § 9-14-236 and our opinions in Chunn v. D’Agostino, 312 Ark. 141, 847 S.W.2d 699 (1993) and Clemmons v. Office of Child Support Enforcement, 345 Ark. 330, 344, 47 S.W.3d 227, 235 (2001) support that Ark.Code Ann. § 9-14-236 only provides for a singular child-support-arrear-ages obligation, this holding misconstrues our statute and case law. Therefore, I dissent. First, in interpreting Ark.Code Ann. § 9-14-236, using plain and ordinary meaning of its language, Ark.Code Ann. § 9-14-236 does not state that the obligation of child-support arrearages is a singular obligation. The statute only contemplates who can bring an arrearages claim and when. Ark.Code Ann. § 9-14-236 does not preclude Kylie Chitwood, “the child for whose benefit the initial support order was entered,” from asserting her action for child-support arrearages, and once she reached majority, she had the right to assert her action. Kylie had this right despite her mother having previously been equitably estopped from collecting the child-support arrearage by her conduct when Kylie was a minor. The mother’s action and Kylie’s action are distinct from one another. Second, the majority relies on Chunn and Clemmons in support of its interpretation that Ark.Code Ann. § 9-14-236 allows only for a singular obligation. However, both cases are distinguishable. Chunn is distinguishable from the present case because in Chunn, the mother was barred, not estopped, by a five-year statute of limitations, in place at that time. In that case, when the Chunn children reached majority, they timely filed an action to collect the arrearages that had accrued from the time the support order was entered to the time their | father’s parental rights were terminated. Our holding was specific to the question of finality and the statute of limitations. We held that a noncustodial parent had a “vested right to rely on the statute of limitations as a defense, and that could not be changed by subsequent legislation.” Chunn, 312 Ark. 141, at 145, 847 S.W.2d 699, 701-02. Further, in Chunn we held, “As we read the statute it contemplates one support obligation which may be pursued by different persons at different times.” Id. Here, Ap-pellee’s obligation of support was never terminated by a statute of limitations or abated by court order, instead it remained a viable debt for Kylie to pursue after she reached majority. Clemmons is also distinguishable and does not support the majority’s opinion. In Clemmons, we addressed who was entitled to bring an action for arrearages after a child has reached majority. In Clem-mons, the mother had assigned her right to collect to appellee, Office of Child Support Enforcement. The chancery court held that the Office of Child Support Enforcement was estopped because the mother had concealed the child, barring visitation. In an earlier related case, the court of appeals reversed this decision, holding that refusal to allow the collection of past-due support based on a failure to allow visitation contravenes the purpose of the Uniform Interstate Family Support Act. Office of Child Support Enforcement v. Clemmons, 65 Ark.App. 84, 88, 984 S.W.2d 837, 839 (1999). In Clemmons, we held that either the custodial parent, the Office of Child Support Enforcement, or the child, having reached majority, was entitled to petition for arrearages under § 9-14-236. We stated that “as we read the statute [Ark. Code Ann. § 9-14-236] it contemplates one support obligation which may be pursued by different persons at different Intimes. Chunn, 312 Ark. at 145, 847 S.W.2d at 701; [Darr v. Bankston, 327 Ark. 723, 940 S.W.2d 481 (1997) ]. These cases indicate that once a child reaches majority, whoever files the collection action first is allowed the right and ability to collect.” Clemmons, 345 Ark. at 344, 47 S.W.3d at 235. Clemmons does not support the majority’s holding here, because the mother was estopped from pursuing arrearages before Kylie reached majority, where in Clemmons, the action in question occurred after the child had reached majority. Looking at the plain meaning of Ark. Code Ann. § 9-14-236, Kylie could not pursue arrearages before she reached majority. Chunn and Clemmons contemplate only one support obligation if an action is brought after the child reaches majority. In this case, Kylie’s action is the only action that was brought after she had reached majority. Thus, the circuit court erred in finding that Kylie’s action was barred as a matter of law. The majority places much emphasis on the circuit court’s decision that because Kylie’s mother was estopped, there are no arrearages. Although the court of appeals ruled that Kylie’s mother was estopped, the court did not hold there were no ar-rearages. Chitwood v. Chitwood, 92 Ark. App. 129, 211 S.W.3d 547 (2005). In the instant case, the circuit court erred in finding that there were no arrearages based on the court of appeals opinion, as that was not stated. As the obligation is still viable, Appellee presents no facts essential to assert a claim of equitable estoppel as to Kylie’s claim. Therefore, because Kylie has reached majority, pursuant to Ark. Code Ann. § 9-14-236, the circuit court erred in granting summary judgment. The circuit court also held in its order granting summary judgment that to allow Kylie to collect the unpaid child support would be inequitable. Because Kylie’s mother was estopped | ^from prevailing in her attempt to collect the support, I fail to see how it would be inequitable for Appel-lee to pay his obligation. This is not an instance in which Appellee would have paid the support twice. The circuit court erred in granting summary judgment based on inequity. The majority chose not to address Ky-lie’s second point on appeal, that although it is undisputed that Kylie’s needs were met, they were not met by Appellee. The majority holds that “summary judgment was appropriate because there were no material facts in dispute and the claim was barred as a matter of law.” Therefore, “whether Appellant’s needs had been met is of no effect.” However, the majority goes on to hold that the decision of the circuit court finding that Kylie’s needs were met was not clearly erroneous. However, the majority ignores our case law, which provides that “the parent must furnish the support and maintenance himself and the duty is a personal one, and he may not rely upon the assurance that someone else is properly supporting and maintaining the child.... ” Pender v. McKee, 266 Ark. 18, 35, 582 S.W.2d 929, 935 (1979). The Arkansas Court of Appeals has held that the noncustodial “parent has a legal and moral duty to support and educate his child and to provide the necessities of life even though the child has sufficient property to do so.” Lee v. Lee, 95 Ark.App. 69, 75, 233 S.W.3d 698, 702 (2006). The court of appeals’ reasoning in Lee is persuasive and I would adopt it. In Lee, the children received a large personal-injury settlement as a result of an accident and a special trust provided for their needs. The appellant argued that the circuit court erred in not crediting the amount that the children received from a special-needs trust against his support obligation. The court of appeals reasoned that the funds in the trust were not earned by the father and are not 113a substitute for the child support he owed. Likewise, in this case, the mother’s inheritance, which allowed her to provide for Kylie, in no way relieved Appellee of his court-ordered support obligation. Additionally, in Fonken v. Fonken, 334 Ark. 637, 976 S.W.2d 952 (1998), the appel-lee, upon reaching majority, petitioned for child support arrearages. The appellant’s child-support order had been abated by the court when he received joint custody. Subsequently, when the appellee’s mother regained custody no support order was entered, and she told appellant to stop paying voluntary support. We held “that a parent has a legal duty to support his minor children, regardless of the existence of a support order”. Id at 642, 976 S.W.2d at 954 (internal citations omitted); see also Ford v. Ford, 347 Ark. 485, 65 S.W.3d 432 (2002). We held that support was both a “legal and moral duty.” Fonken, 334 Ark. at 642, 976 S.W.2d at 954. We noted that “Mrs. Fonken’s actions in telling Mr. Fonken to stop paying child support, and his reliance thereupon, are insufficient to relieve him of his legal obligation to his minor child. Even when the support obligation may be affected by contract, the duty cannot be bartered away permanently to the detriment of the child”. Id. (internal citations omitted). Fonken is on point but in addition, here, Appellee’s support order was never abated by a court order. Further, as in Lee, Appellee cannot claim credit for Kylie’s needs having been met by her mother’s inheritance. Appellee had a legal and moral duty to support Kylie. Thus, the circuit court erred in granting summary judgment to Appellee. Accordingly, I would reverse and remand this matter for trial.