Robin F. Wynne, Justice, concurring. I cannot agree -with the majority that Reanna’s failure to communicate with the children in the face of an order that would have punished her with contempt for having visitation with the children justifies a finding that her consent to a stepparent adoption is not required on that basis. Here, the trial court was quite emphatic that allowing visitation while the order was in place would be dealt with harshly. The majority concludes that a ban on visitation did not preclude Reanna from having contact with the children in other ways. As persons trained in the law, we know this. It is apparent from the record that Reanna did not. In fact, there is some indication in the record that both Reanna and Chris thought that the trial court’s order meant that she could not have contact with the children while the order remained in effect. I do not believe that stripping a parent of her right to consent to the adoption of her children is warranted essentially because she does not understand the legal distinction between visitation and contact. Therefore, I would not affirm the trial court’s decision on the same basis as the majority. However, in addition to alleging that Reanna had failed to maintain contact with the children, Destiny Rodgers alleged in the adoption petition that Reanna had failed to provide care and support for the children. Consent to adoption is not required of a parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause to provide for the care and support of the child as ^required by law or judicial decree. Ark. Code Ann. § 9-9-207(a)(2)(ii) (Repl. 2015). It is undisputed that Reanna provided no support for the children for at least one year prior to the filing of the adoption petition. Reanna admitted before the circuit court that she understood that she had a duty to support the children. Nonetheless, Reanna contends that her failure to provide support is justified by the fact that the trial court’s order did not require her to pay child support. However, in Fonken v. Fonken, 334 Ark. 637, 976 S.W.2d 952 (1998), this court held that a parent has a legal and moral duty to support a minor child, regardless of the existence of an order of support. Here, despite her legal and moral duty to provide for her children, Reanna abdicated that responsibility to Chris and Destiny, taking no action whatsoever to provide for the children in any way until the adoption petition was filed. Under these circumstances, I do not believe that the circuit court erred in finding that Re-anna’s failure to provide support was without justifiable cause. For these reasons, I concur. Kemp, C.J., joins.